# Dow Wire Works Co. *v.* Engelhardt, Execx.

## *Action of Assumpsit.*

1. *Suit by non-resident; judgment for costs can not be rendered against surety except upon motion.*—Where suit is brought by a non-resident who gives security for costs, upon plaintiff being cast in the suit and judgment being rendered for the defendant, a judgment for costs can not be rendered against a surety of the plaintiff except upon motion as required by the statute, (Code, § 1351); and where the record fails to show that any motion was made for a judgment against the surety, no intendment can be indulged in favor of the court's jurisdiction, in order to support such judgment.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. J. C. RICHARDSON.
This action was brought by the appellant, the Dow

[Dow Wire Works Co. v. Englehardt, Execx.]

Wire Works Company, a non-resident, against the appellee, as executrix of W. E. Englehardt, deceased. W. L. Martin became a surety of the plaintiff for costs. In the rendition of judgment by the circuit court in favor of the defendant, the court also rendered judgment for costs against the said Martin, surety for the plaintiff. The present appeal is prosecuted from this judgment, and the rendition thereof is assigned as error. The facts of the case are sufficiently stated in the opinion.

W. L. MARTIN, for appellant, cited *Northern v. Hanners*, 121 Ala. 587; *Frazier v. McWhorter*, 121 Ala. 308; *Hilliard v. Brown*, 103 Ala. 318; Code of 1896, §§ 1347-1361.

WATTS, TROY & CAFFEY, *contra*.

DOWDELL, J.—This suit was commenced in the justice's court, and the plaintiff being a non-resident gave security for costs; the appellant Martin being the surety. In that court the plaintiff recovered a judgment, from which an appeal was taken by the defendant to the circuit court. In the circuit court the case was tried by the court without the intervention of a jury, and judgment rendered for the defendant. The court in rendering judgment for the defendant, also rendered judgment for costs against Martin, the surety of the plaintiff. Courts of law are governed by the statutes in rendering judgments for costs. There is no statute which authorizes in such a case, a judgment against the plaintiff's security, except upon motion.—§ 1351, Code of 1896. The judgment authorized by the statute against the security of the plaintiff is summary, and motion as provided in the statute is a jurisdictional prerequisite to the rendition of the judgment. The record fails to show that any motion was made for a judgment against the security, and no intendment can be indulged in favor of the court's jurisdiction in order to support the judgment in such a case.—*Dodson v. Harris*, 10 Ala. 566; *Borton*

42c

*v. McKinney,* 3 Stew. & Port. 274; 19 Am. & Eng. Ency. Pl. & Pr. 395; 1 Black on Judgments, § 280.

The judgment appealed from will be reversed as to the appellant Martin, and the cause remanded, and will be affirmed as to the appellant Dow Wire Works Co., the plaintiff in the cause below.

Reversed in part and in part affirmed.