# Friel, *et al. v.* North Birmingham Building Association.

## *Assumpsit.*

(Decided November 14, 1912.   Rehearing denied December 7, 1912.
61 South. 552.)

1. *Attachment; Bond; Misnomer.*—Where the suit was against Woody, the attachment writ was issued against Woody, the replevy bond signed Woody, and the name Woody was in the forthcoming bond, except that in the conditions thereof the attachment was referred to as against the above named Moody, it was clear on the face of the papers that the use of the name Moody was a clerical error which did not affect the bond as a statutory bond.

2. *Justice of the Peace; Forthcoming Bond; Forfeiture; Notice.*—Under section 4693, Code 1907, no motion is required as a prerequisite to forfeiting the bonds mentioned therein.

3. *Same; Motion to Stay Execution; Evidence.*—On a motion to stay execution on a forthcoming bond after judgment against the defendant, the affidavit or claim of a third person, not accompanied by bond, and upon which no trial of the right of property was had, was not admissible.

4. *Appeal and Error; Presentation; Sufficiency.*—Where the bill of exceptions refers to a list of goods but fails to set the same out, no question is presented as to the action of the court in excluding the same.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by the North Birmingham Building Association against J. M. and Mattie Woody, begun by attachment to enforce a landlord's lien, in which Friel and others became sureties on the forthcoming bond.   From

an order dismissing the motion to stay execution on the bond, the sureties appeal. Affirmed.

JOHN C. FORNEY, for appellant. The judgment was summary and notice should have been given the appellant before it was taken.—1 Ala. 542; 3 Ala. 287. Motion must be made before jurisdiction is acquired to enter such a judgment.—136 Ala. 609. The failure of the obligor to return the property was the result of the act of plaintiff's attorney, and suit must be brought upon the bond before the obligor can be declared liable. —*Dunlap v. Clements,* 18 Ala. 778. The bond was not a statutory bond.—Sec. 4730, Code 1907; *Cobb v. Thompson,* 87 Ala. 391.

W. E. MARTIN, for appellee. The judgment was rendered in strict conformity to section 4693, Code 1907. Although the condition in the bond may have been impossible of performance, this did not render the bond void.—*Ward v. Hood,* 124 Ala. 570. The use of the word "Moody" was a clerical error, self-correcting on the face of the bond.

PELHAM, J.—The appellee, as plaintiff, instituted attachment proceedings in the inferior court of Birmingham against J. M. Woody and Mattie Woody to enforce a landlord's lien for the rent of a dwelling house. After levy of the attachment, the defendants in that suit made a forthcoming bond with the appellants T. H. Friel and P. L. Hagler as sureties. The plaintiff prosecuted the attachment suit to judgment in the inferior court, and an appeal was taken. The property was not forthcoming at the proper time, and the bond was forfeited. Whereupon the appellants filed a motion in the inferior court to stay the execution. The motion was

heard and dismissed, and the appellants appealed from the judgment dismissing the motion to the circuit court where it was heard and overruled, this appeal being from the judgment of the circuit court overruling the motion.

The appellants insist that, because the name as set out in one place in the bond appears as "Moody" in place of "Woody," the bond is not a statutory bond. The contention is without merit. The suit was against "Woody," the attachment writ was issued against "Woody," the replevin bond is signed "Woody," the name is set out as "Woody" in the obligation or bond proper, and in only one place in the "whereas" or condition of the bond does the name appear as "Moody," where the reference is made to an attachment having been sued out against the estate of "the above-named Moody." The above-named appears as "Woody" and not "Moody," and a reference to the attachment shows it to have been sued out against Woody. The use of the name "Moody" where it appears in the condition of the bond is shown on the face of the paper to be a purely clerical error that does not affect the instrument as a statutory bond.

The judgment rendered in the inferior court seems to be regular, and the bond forfeited in strict conformity to the requirements of the statute.—Code, § 4693. No motion is required as a prerequisite to forfeiting the bond under the provision of section 4693 of the Code, as is necessary in a case where the proceeding is to secure judgment under the provisions of section 3961 of the Code against a surety, and the case cited by appellant (*Dow Wire Works Co. v. Engelhardt,* 136 Ala. 608, 33 South. 817) for that reason is not applicable.

The action of the court in refusing to allow appellants to introduce the affidavit or claim of Vivian Eaver,

unaccompanied by a bond, and upon which no trial of the right of property was had, was without error. The "list of goods" stated in the bill of exceptions to have been found in the file is not set out, and we have no data upon which to pass upon the court's ruling in refusing to admit it on the hearing of the motion.

The assignments of error do not present anything authorizing a reversal of the case.

Affirmed.