(89 South. 280)

### BYARS et al. v. SPENCER et al.
### (6 Div. 162.)

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 19, 1921.)

1. **Partition** ⬅️107—Bill to set aside sale for fraud of codefendant held insufficient.

A bill to set aside a sale of lands for partition filed by defendants against whom decree pro confesso for partition had been rendered, which alleged that those defendants were misled by the representations of a codefendant that she would defend the suit, so that they did not appear therein or protect their interests, and that the codefendant fraudulently made an agreement with complainant whereby her interests were protected, and did not defend the suit, is insufficient to state a cause of action, since it shows that those defendants were grossly negligent in failing to protect their rights, and does not allege that the plaintiff knew of the codefendant's representation she would protect the rights of the other defendants.

2. **Partition** ⬅️46(1)—Court may proceed without having all parties before it.

In a suit to sell land for partition, where it is shown that the parties are very numerous, and cannot all be brought before the court without manifest inconvenience and oppressive delays, and that sufficient parties are before the court to represent all adverse interests, the court can proceed with the cause and render decrees for sale in the absence of the rest of the parties, as permitted by chancery practice rule 19 (Code 1907, p. 1533).

3. **Partition** ⬅️107—Parties who were not served cannot have sale for partition set aside.

Where the court ordered a sale of lands for partition without having all the parties before it, as authorized by chancery practice rule 19 (Code 1907, p. 1533), the owners not parties to the suit cannot thereafter have the sale set aside, but are limited to their right under that rule either to take their proportion of the purchase price or to retain their interests in the land, in which event their proportion of the purchase price is returned to the purchaser.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Riley Byars and others against Milcsy Spencer and others, to review and set aside a former decree, and to sell land for division. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

Theodore J. Lamar, of Birmingham, and Huey & Welch, of Bessemer, for appellants.

Consent of the court to the filing of this bill was not necessary to be procured. 200 Ala. 529, 76 South. 855; 186 Ala. 310, 65 South. 209. The bill impeaches the decree for fraud, and is an original bill. 50 Ala. 46; 186 Ala. 310, 65 South. 209; 83 Ala. 225, 3 South. 622. Being strangers, the complainants can attack the decree by original bill. 64 Ala. 257. The infants had the right to file the bill. 80 Ala. 114. It affirmatively appears that some of the parties' defendant died pending the hearing on the original proceedings, and no one was made defendant representing them. 9 Port. 177; 118 Ala. 178, 24 South. 500; 54 Ala. 108. The proceeding could not and does not affect those not made parties by service. 59 Ala. 532; 75 Ala. 213. The purchaser, being a party, got only a quitclaim deed, with all its infirmities. 88 Ala. 583, 7 South. 254, 16 Am. St. Rep. 76. It appears that the court was made the instrument, unwittingly, of a most atrocious fraud. 94 Ala. 303, 11 South. 362, 16 L. R. A. 564, 33 Am. St. Rep. 122; 21 Wall. 298, 22 L. Ed. 560; 55 Ala. 590; 50 Ala. 32; 64 Ala. 162; 66 Ala. 177; 72 Ala. 1; 111 U. S. 640, 4 Sup. Ct. 619, 28 L. Ed. 547.

Haley & Haley, of Birmingham, for appellees.

No brief came to the Reporter.

MILLER, J. Jonah Schwab Company, a corporation, on the 12th day of December 1904, filed bill of complaint against John Byars and others, to sell the following land: S. E. ¼ of section 25, township 18, range 5 West, in Jefferson county, on the ground that it could not be equitably divided or partitioned among the joint owners—the complainants and defendants—without a sale thereof, and that complainants and defendants owned the land as tenants in common or joint owners; and that some of the defendants own only one-ninetieth thereof. It alleges the interest the complainants and defendants each own in the land. It avers that one Jack Byars owned this land, and that Fayette Byars, a son of said Jack Byars, sold and conveyed his one-tenth interest in the land to complainants, and that defendants are the other heirs of said Jack Byars.

There were demurrers to the original bill by Milcsy Spencer, which demurrers were sustained. The bill was amended, and on January 29, 1906, the defendant Milcsy Spencer, by her attorney, filed answer in the nature of cross-bill, in which she avers that her father, Jack Byars, owned the land; that he died more than 20 years ago, and that he wished each of his ten children to have one-

---

tenth of it, and that he gave her one-tenth—pointed it out to her—and that she erected a house on it, and was and is in possession of her said part, 16 acres—describing it—claiming it as her own; and she states in her cross-bill; "While it may not be practicable to divide the whole of the estate equitably between the various tenants in common, it is practicable to set apart to her said 16 acres, and requests the court to set apart to her said 16 acres;" and she avers, if it is not practicable to set apart to her said 16 acres, that she be reimbursed for the reasonable value of the improvements made thereon by her out of the proceeds of the sale.

There was decree pro confesso against each of the following defendants: Fayette Byars, John Byars, Mattie Byars, Warren Posey, Laura King, Lucinda P. Collier, Mary Posey, and John Posey.

On May 8, 1905, the chancellor appointed W. K. Smith, Esq., guardian ad litem to represent the following minors, defendants in this cause: Riley Byars, Jackie Byars, Willie Byars, Doctor Byars, Sallie Posey, James Posey, Adolphus Posey, Charlie Harris, Walter Harris and Fred Harris—all infants. He accepted the appointment in writing.

On the 3d day of October, 1914, the complainant filed amendment to the bill of complaint, and verifies the amendment by affidavit. This amendment states that Flora Byars, Hattie Byars, Ellen Byars, Wesley Posey, and Rose Hall, parties defendant in this cause have not been served with notice; summons has been returned not found as to each:

"That they cannot be found, and their residences are not known, that the parties are numerous, that all the parties, including the said parties who have not been served, belong to the same class, and that the rights of all the defendants are analogous, and the rights of those who have not been served are analogous, and the same as those who have been served, and who are actually before the court; and the rights of all the defendants, including those not served, are dependent upon the same principles of law; and that this cause has been in this court for nearly 10 years, and that during that time several attempts have been made to have said defendants served."

It also avers that "it will cause manifest inconvenience and oppressive delays in this suit to further continue this cause for bringing before it said parties," and that "there are now before the court sufficient parties to represent all the adverse interests of plaintiffs and defendants in this suit;" and asks that the court "dispense with making said persons above named parties in this cause, and to proceed in this suit having sufficient parties before it to represent the interests of said persons."

On January 9, 1915, it was submitted to the court for final decree on "the original bill of complaint and amendments thereto, decrees pro confesso against Fayette Byars, John Byars, Mattie Byars, Anderson Byars, Warren Posey, Laura King, Lucinda P. Collier, Mary Posey, and John Posey, the testimony of J. L. Nail, Jonah Schwab, L. J. Haley, Jr., and exhibits thereto, and in behalf of the defendant Milcsy Spencer, on her answer and cross-bill, and on behalf of the minor defendants on their respective answers filed by their guardian ad litem," as shown by the note of testimony signed by the register. On January 9, 1915, 'the chancellor entered a decree in said cause that "the court is of opinion that the complainant is entitled to the relief prayed for in its said bill of complaint," and the court ordered:

"It is therefore ordered, adjudged, and decreed that the land described in the bill of complaint in this cause cannot be equitably divided or partitioned among the joint owners thereof without a sale thereof and that the title to said land is in the parties as alleged and charged in the bill of complaint and the amendments thereto, and that said parties own the respective interests in said land as alleged and stated in said bill and amendments thereto.

"It is further ordered, adjudged, and decreed that the register of this court shall proceed to sell said land to the highest bidder for cash in front of the courthouse of Jefferson county, Ala., after giving 30 days' notice of the time, place, and terms of sale by publication once a week for three consecutive weeks in some newspaper published in said county, and that said register shall report said sale to this court for confirmation or rejection."

There was a sale of the land under the decree by the register of the court as directed by the decree, at public outcry, and Jonah Schwab purchased it at the sale for $500; the purchase money was paid to the register, and a report thereof made to the court. No exceptions or objections were filed thereto, and it was approved and confirmed by the court. The decree confirming the register's report was made May 14, 1915. This decree of the court confirming the register's report, after fixing reasonable solicitor's fee and guardian ad litem's fee, in part reads:

"It is further ordered, adjudged and decreed that the register of this court shall divide the balance of the fund in his hands after paying said solicitor's fee, guardian ad litem's fee, and the costs of the court, among the parties who are entitled thereto as appears from the original bill and the amendments thereto filed in this cause and that the said register is directed to distribute said balance to said parties according to their several interests as they appear from said bill and the amendments thereto."

Mattie Byars, Laura King, Lucinda P. Collier, Mary Posey, John Posey, Warren Posey, against whom the said decree pro confesso was rendered in the original cause, and Riley Byars and others, some of whom had no notice of the other cause, file this bill of complaint against Milcsy Spencer, Jonah Schwab

Company, and Jonah Schwab on the 10th day of July, 1917. They seek thereby to have the court proceed to hear and determine the rights of complainants and respondents in and to said 160 acres of land, and to have the court declare of no force and effect: (1) The decree of the court ordering the land sold for division among the joint owners; (2) the decree of the court confirming the sale of the land made by the register; (3) the deed of the register to Jonah Schwab, the purchaser at the sale of the land; and (4) the deed of Jonah Schwab to Milcsy Spencer conveying to her about 16 acres of the land; and also praying that the court restore to the docket the original suit and hear and determine the said issue raised by the pleading, allowing the complainants ·in this cause to come in and defend in that cause as if no decree of sale had been rendered, and no decree of confirmation had been allowed, and decree the same now to be sold for partition among the cotenants thereof, because:

(1) The land was worth at the time of sale $4,000, and brought only $500.

(2) Some of these complainants were not made parties to the original suit, and knew nothing of the sale until over a year thereafter.

(3) "Your complainant would further respectively show that shortly after the filing of said original bill by said Jonah Schwab Company, respondent, Milcsy Spencer informed certain of your complainants who had been made respondents to said bill of Jonah Schwab Company, to wit, Mattie Byars, Warren Posey, Laura King, May ·Posey, and John Posey, that she, said Milcsy Spencer, had employed attorneys to resist the said suit of said Jonah Schwab Company, that it would be unnecessary for the other Jackie Byars' heirs, her cotenants, to employ other legal counsel or make resistance to said suit of said Jonah Schwab Company; that she, said Milcsy Spencer, assured them that she would look after and protect the interests of all of respondents to said suit of said Jonah Schwab Company; that relying upon said statements and assurances of said Milcsy Spencer and neglecting to employ counsel and resist said proceedings, they thus unwittingly permitted decrees pro confesso and the final decree to be rendered against them without contest or the filing of demurrers or answers to the original bill or the various amendments thereof, and to the cross-bill of said Milcsy Spencer; that complainants for more than 12 years were totally ignorant of their status in said proceedings but honestly believed their best interests were being guarded and protected by their cotenant and sister, said Milcsy Spencer, and her attorneys employed by her, and in keeping with her statements and assurances made by her to the said Mattie Byars, Warren Posey, Laura King, May Posey, and John Posey as above stated; that your complainants were totally ignorant of the rendition of the decrees pro confesso and the final decree rendered in said cause and of the sale had thereunder until more than 12 months after the date of said sale and too late for complainants to appeal from said final decree.

206 ALA.—6

"Your complainants further charge and aver that, notwithstanding the said promises and assurances of said Milcsy Spencer to protect the interest of her said corespondents in said proceedings, said Milcsy Spencer, shortly before the taking of the testimony in said cause and the submission of said cause for final decree, entered into a secret and fraudulent agreement with said Jonah Schwab Company and said Jonah Schwab and against the interests of her corespondents and to the advantage of the complainant, said Jonah Schwab Company, and said Jonah Schwab, said secret agreement, in fraud of your complainant's rights, was that said Milcsy Spencer, who was the only respondent to said suit in court and actually resisting the suit, should interpose no further resistance to said suit, but should passively acquiesce in the taking of plaintiff's testimony and submission of said cause, and assent to or permit the rendition of final decree ordering the sale of said lands; that said Jonah Schwab should become the purchaser of all of said lands, at said sale, and that after a deed under said sale had been made to said Jonah Schwab that said Jonah Schwab should convey to said Milcsy Spencer 16 acres of said land theretofore claimed by said Milcsy Spencer, and as set out in her said cross-bill; that said conveyance by said Jonah Schwab to said Milcsy Spencer was to be made to her in consideration of her interest in said lands and her further nonresistance to said suit as above stated.

"And complainants aver that said secret and fraudulent agreement between said Milcsy Spencer and said Jonah Schwab Company and said Jonah Schwab was fully carried out and executed on the part of each of the parties thereto; that said Milcsy Spencer did fail to further resist said Jonah Schwab Company in the prosecution of said suit, and with full knowledge of the injury to your complainants by her so doing, passively acquiesced in the taking of testimony by said Jonah Schwab Company and the submission of said cause for final decree and the rendition of said final decree and the sale of said lands, and failed to appeal from said decision and final decree of said court, and failed to advise your complainants or any of them of the things that were taking place in said proceedings.

"And complainants further aver and charge that said secret and fraudulent agreement between said Milcsy Spencer and said Jonah Schwab Company and said Jonah Schwab, and the resultant failure of said Milcsy Spencer to further resist the suit of said Jonah Schwab Company, misled the court and caused the court to render said final decree, the court having been thus fraudulently deceived into rendering its said final decree, believing that the interests of the parties respondent to suit were being fully represented and protected by said respondent, said Milcsy Spencer, when in fact said Milcsy Spencer was at that time acting in collusion with said Jonah Schwab Company in the procuring of said final decree and sale of said lands."

And complainants further aver that the Jonah Schwab Company owned no interest in the land, and that, after the purchase of the land at the sale by Jonah Schwab, the 16

acres were conveyed by him to Milcsy Spencer. The register's deed to Jonah Schwab is dated April 28, 1915, and the deed of Jonah Schwab to Milcsy Spencer is dated February 9, 1916.

This bill of complaint was filed July 10, 1917. This was more than 2 years after the decree of sale, and after the decree confirming the sale of the land, and more than 12 years after the filing of the original suit.

[1] There is nothing in this bill that shows that Jonah Schwab or Jonah Schwab Company knew that some of these complainants had requested their sister, Milcsy Spencer, to look after their interests in the original suit, and that she had promised them to do so. Decrees pro confesso were rendered against them. Their bill shows that they had legal notice of the original suit; that their sister, Milcsy Spencer, told them that she "had employed attorneys to resist the said suit, * * * that it would be unnecessary for the others, Jackie Byars' heirs, her cotenants, to employ other legal counsel or make resistance to said suit," and she assured them "that she would look after and protect the interests of all respondents to said suit of Jonah Schwab Company."

The bill shows that these parties are guilty not only of negligence, but of gross negligence, in failing to look after their interests in the former suit. The facts alleged put the blame not on Jonah Schwab Company or Jonah Schwab, but only on their sister, Milcsy Spencer, their agent. Yet they seek by this bill a sale of the land for division, the same relief sought and obtained by Jonah Schwab Company in the original suit against them. These complainants were made parties to the original suit; they were served with notice; they left their interests in the hands of their sister, their codefendant, their agent; decrees pro confesso were rendered against them, and there was decree of sale of the property. There is nothing in their bill as amended to show they have a right now to have the decree of sale declared null and void. The facts alleged in the bill do not show fraud in the sale or conduct of the sale of the land. The bill shows that they neglected to look after their interests. No answer or demurrers having been filed by them, a decree pro confesso against each was properly entered.

[2] The original bill also avers by sworn amendment "that the parties are very numerous, and cannot, without manifest inconvenience and oppressive delays in the suit, be all brought before it" (the court). When this is done, and the proof shows it, the court may, as it did in that case, proceed in the suit, "having sufficient parties before it to represent all the adverse interests of the complainants and the defendants in the suit." Under the allegations of the bill and the proof the court exercised that discretion in the original cause, and rendered proper decrees therein.

[3] This is permitted under rule 19 of chancery practice (page 1533, Code of 1907). Under the allegations of the bill as amended, the decree is binding on all parties to the suit served with notice. The parties against whom a decree pro confesso was rendered, and those who filed answers, and those minors for whom guardian ad litem was appointed, and answer for them filed, are all bound by the decree. This rule 19 also says: "But in such cases the decree shall be without prejudice to the rights and claims of the absent parties,"—those not served with notice, not parties to the suit, no notice by publication being given to them. They can accept their pro rata of the net proceeds of the sale. If they do, then the decree of sale is binding on them, and they are estopped from claiming any interest in the land. If they are not parties—"absent parties under the rule"—and do not accept their pro rata of the net proceeds of the sale, then they will still own their same interest, if any, in the land, and the purchaser at the sale would be entitled to their pro rata of the net proceeds of sale. They—"the absent parties" to the suit—could not maintain this cause to set aside the decree. They must claim their part under it or retain their interest, if any, in the land. If the decree is set aside and the cause reinstated on the docket, they would be proper parties. The decree of sale is final and valid to all parties with notice. It is without prejudice as to the "absent parties." It is final and valid as to the "absent parties" if they accept their part of the net proceeds under it. If they do not accept it, then they own their same interest, if any, in the land with the purchaser at the sale. The purchaser owns the interest of all the other parties. The purchaser at the sale and the "absent parties to the suit," who accept none of the fruits of the sale, are the joint owners or tenants in common in the land. Rule 19, Chancery Prac. (page 1533, Code 1907); Noble et al v. Gadsden Land & Imp. Co., 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27; Morton v. N. O. & S. Ry. Co., 79 Ala. 610.

The court below sustained demurrers to the bill of complaint as amended. We find no error in the record.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

SAYRE, J. I concur in the ruling in this cause for the reasons, to state them with great generality, that no fraud is shown in concocting the decree. It is evident that complainants in the original bill were entitled to have a decree of sale for partition, if the parties could be brought into court.

To have conspired in such a case and to such end only would have involved a quite unnecessary expenditure of moral force. Complainants in the present bill relied on their agent, Milcsy Spencer, and must abide the result of her mere neglect. There might have been a fraud in the conduct of the actual sale, but I do not think the bill now under consideration sufficiently alleges such fraud. Milcsy Spencer had a right to agree with Jonah Schwab as she did. That kept no one from attending the sale or bidding on the property.