193 So. 723

**DUNN v. PONCELER et al.**

**4 Div. 89.**

Supreme Court of Alabama.

Jan. 18, 1940.

Rehearing Denied Feb. 22, 1940.

Francis H. Inge, of Mobile, and Jack Crenshaw, of Montgomery, for appellees.

James J. Winn, of Clayton, and James A. Simpson and Lange, Simpson, Brantley & Robinson, all of Birmingham, for appellant.

ANDERSON, Chief Justice.

The bill in this cause was filed by the complainants, the appellees, to have the

court to adjudge and decree certain sales of lands of the complainants by the sheriff of Barbour County, made under executions issued against them from the Circuit Court of Jefferson County, Alabama, "void and of no effect," and to have the deeds executed by said sheriff to the purchaser, Maude Dunn, cancelled as clouds upon the title of complainants.

The parties to this appeal have appeared before this court on four separate appeals, litigating the title to the lands involved in this suit. Dunn v. Ponceler et al., 230 Ala. 375, 161 So. 450; Dunn v. Ponceler et al., 235 Ala. 269, 178 So. 40; and Dunn v. Ponceler et al., 235 Ala. 280, 178 So. 47.

The first above mentioned case was an action of ejectment brought by these appellees against this appellant for the identical lands involved in this suit. There was judgment for the plaintiffs and the defendant Dunn prosecuted an appeal from said judgment, and on that appeal we construed the will of the late O. B. Pruett, the first husband of appellee, Ponceler, and the father of the appellee Walker, holding that the lands in suit were subject to appellant's judgment lien, and, as a result of such holding, we reversed said case, *and remanded it for new trial in the Circuit Court of Barbour County.* That· suit was commenced on June 9th, 1933, and the reversal and remandment by this court was on May 9th, 1935, and the *final judgment* was rendered in the circuit court on *October 14, 1935.* The first sale of the lands by the sheriff of Barbour County under appellant's execution was on June 20, 1932, and the second sale was made on August 13th, 1932.

The present bill was filed by the complainants against the said Maude Dunn on July 7, 1936. So, excluding the time of the pendency of the ejectment suit, it appears that the present bill was filed less than two years after the execution sales complained of were made.

On the former appeal in this cause, Dunn v. Ponceler et al., 235 Ala. 269, 178 So. 40, a full and complete statement of the material and essential allegations of the bill was set out in the opinion rendered in the case. That appeal was taken by the present appellant from a decree of the circuit court, overruling the appellant's demurrers and holding that the bill presented a case for equitable relief. The demurrers took the point (1) that the Circuit Court of Barbour County (in equity) was without jurisdiction to entertain the bill; (2) res adjudicata; (3) laches; (4) statute of limitations; and

(5) multifariousness. On that appeal we held that the bill presented a case for equitable relief against said sales, and affirmed the decree of the lower court.

On the return of the case to the circuit court, the respondent-appellant made answer to the bill, in which, among other matters and things, the said respondent denied that the property, under conditions then prevailing, and the uncertainty as to the title of the execution debtors, sold for an amount greatly less than its value, as charged in the bill, and also setting up the statute of limitations of one year; laches; and that the cause of action was res adjudicata, and by amended answers, set up that the complainant "wrongfully failed and refused to invoke a remedy by law at any time and resorted to this court of equity long after the expiration of one year from the acquisition of said notice (notice of the fraud) in disregard and violation of Section 6522 of the Code of 1923;" and ·further that the complainants were barred by laches by reason of the provisions of subsection (5) of Section 8949 of the Code and by laches by reason of the provisions of sections 8966 and 8959 of the Code; and by the "irremediable change of parties."

We may here say that we have again considered our conclusion and holding on the former appeal, and we are still impressed that we reached a proper decision on all questions presented on that appeal,—and we adhere thereto.

On submission for final decree, the court below entered a decree granting the complainant full relief; holding that the sale under execution of the various pieces of property described in the bill (except the piece known as the residence house and lot), constituted a fraud on the rights of the complainants. It decreed that said sales should be, and were, "set aside and annulled and declared to be void and of no force and effect." By this decree the court ordered that the register, after first deducting from the amount deposited by the complainants (which was the full amount of appellant's judgment and interest), all accrued costs which were taxed against the respondent-appellant, pay to the said Maude Dunn the sum remaining, and that such payment "shall be in complete satisfaction of the judgment obtained by the said Maude Dunn against said complainants, and that the title to all the parcels sold by the sheriff under execution to said Maude Dunn shall be reinvested in said complainants, free from any

lien and encumbrance, so far as the judgment of said Maude Dunn against these complainants secured in the Circuit Court of Jefferson County, Alabama, may be concerned."

From the foregoing decree, the present appeal is prosecuted by the said Maude Dunn.

Having determined that the bill contained equity, it only remains to determine whether (1) the evidence sustains its averments, and (2) whether or not the bill was defective in not making the parties to whom the appellant Dunn, pending the litigation between the parties, had conveyed an undivided interest in payment of their attorney's fees in representing her in the litigation with the complainants over said lands, parties to the bill, and lastly, whether the complainants are barred by laches and the statute of limitations from asserting the invalidity of said sales.

It appears from the evidence that the appellant on the 24th day of February, 1936, conveyed to James A. Simpson, as trustee, and to G. W. Winn, as trustee, a one-third undivided interest in the said judgment rendered in favor of said Dunn against the complainants, and a one-third undivided interest in the lands involved in this suit. It further appears that the conveyance to said parties was in trust for the named trustees, and their respective law partners.

It further appears from the evidence that James J. Winn, the law partner of said G. W. Winn, conveyed his one-twelfth undivided interest in said property to the said Dunn on April 30th, 1936, for the sum of $250; and that the said G. W. Winn had died before this bill was filed, leaving surviving him certain named children, who have not been made parties to this litigation, nor have the said James A. Simpson, and his law partners, been made parties.

■■ The evidence in this case has been carefully considered, and the conclusion is unescapable that the property sold under the executions on appellant's judgment, was sold by the sheriff to the appellant, execution plaintiff, for not exceeding five per cent of its true value. Manifestly the price paid was so grossly and glaringly inadequate as "to shock the understanding and conscience of an honest and just man." If these bids of the execution creditor Dunn were the best and highest bids he, the sheriff, could get for the property, it was the sheriff's duty to have postponed the sale, "returning the execution, stating the facts, and that the lands had not been sold for the want of bidders." Ray's Adm'r v. Womble, 56 Ala. 32. Instead of observing this duty, the sheriff proceeded to sell and convey this valuable property to the appellant—execution creditor—for the sum of two hundred and fifty dollars, which was not exceeding five per cent of its true value. A court of equity, when its powers are properly and timely invoked, will not refuse to intervene and right the wrong thus done the execution debtor. Henderson et al. v. Sublett et al., 21 Ala. 626; Ray's Adm'r v. Womble, supra; Danforth v. Burchfield, 201 Ala. 550, 78 So. 904; Powell v. Governor, 9 Ala. 36–39; Dunn v. Ponceler et al., 235 Ala. 269, 178 So. 40.

■■ But the appellant takes the position, and so argues in briefs filed, that at the time the sales were had, and she became the purchaser, it was not known what title, if any, the purchaser would acquire by the sales; that the title of the execution debtors to the lands was seriously questioned, and that "in determining whether the price bid for the property at an execution sale is disproportionate to its true value, the court must look to the situation prevailing when the sale occurred." Appellant in brief cites several cases to support this contention, but a careful reading of the cited cases, on this point, simply hold that the principle of caveat emptor, applies to judicial sales and puts every purchaser at such sales upon inquiry as to the defendant's title. And as said by Judge Somerville, in writing for the court in the case of Goodbar v. Daniel, 88 Ala. 583, 7 So. 254, 257, 16 Am.St.Rep. 76, "*it warns him* (the purchaser) *to go and inquire before purchasing.*" (Italics and parenthesis supplied.)

What was said by Brickell, C. J., in Ray's Adm'r v. Womble, supra, is here pertinent, and settles this question adversely to the contention of appellant: "While it is the policy of the law to protect purchases at judicial sales, and to inspire confidence in their validity, it is equally its policy to prevent such sales from being perverted into instrumentalities of oppression, and confiscation of men's estates. It was the clear duty of the sheriff, in which he would have been fully protected, to have postponed the sale; returning the execution, stating the facts, and that the lands had not been sold for want of bidders. Powell v. Governor, 9 Ala. 36; Lankford v. Jackson, 21 Ala. 650; Henderson v. Sublett, 21 Ala. 626. The sale, under the facts appearing in the record, was

mere spoliation, and not the execution of the process of the court. There can be no hesitancy in pronouncing it invalid, and decreeing its vacation, and a cancellation of the deed of the sheriff. The purchaser was bound to know, if he knew the value of the land, that it was a breach of the duty of the sheriff, and could not be sanctioned by the courts. It is presumable he had knowledge of the value of the land, or, if he did not, he was engaging in a speculation in which gain might be very large, while the loss, if loss followed, would be inconsiderable. In neither attitude, is he entitled to the favorable consideration of the court." See, also, the case of Danforth v. Burchfield, supra.

And, again, if, having made the inquiry as to the title of the execution debtors, as it was her duty to do—Goodbar v. Daniel, supra,—and the execution creditor was still in doubt as to the debtor's title to the property, the creditor had a plain and adequate remedy to have such question judicially determined, before proceeding to have the property sold for the satisfaction of her demand. She could have had a proper certificate of her judgment recorded in Barbour County, and then proceeded by bill in equity to enforce the lien of said judgment against the property of the debtors, bringing forward the will of O. B. Pruett, under which the debtors acquired the property, for construction. In this way, it could and would have been judicially determined, in advance of any sale, whether the property was subject to sale in satisfaction of said judgment. Code, § 7874; Gurley et al. v. Robertson, 178 Ala. 326, 59 So. 643. The above stated contention of appellant is without merit.

■■ We are also of the opinion that the complainants, by their supposed delay, were not barred of their right to maintain the present bill, either by any statute of limitations, or by laches, nor upon any principle of res adjudicata.

It is also insisted that the cause must be reversed for the failure of the complainants to make the heirs of G. W. Winn, deceased, parties to the bill. It appears that the appellant Dunn, in payment of fees due her attorneys for representing her in the litigation with the execution debtors—the complainants in this bill—had conveyed in 1936, before the present bill was filed, a one-third undivided interest in the lands in question. G. W. Winn, deceased, was one of said attorneys and one of the grantees in said conveyance, and that he had died before the present bill was filed.

Of course, it would have been proper to have made the heirs of said G. W. Winn, deceased, parties to the bill, and as to them there was error in proceeding to final decree in the absence of the holders of any part of the legal and equitable title to said lands.

■ The said attorneys knew, and were chargeable with knowledge, of their client's title, and of any defects therein. This is not a bill seeking a sale of the lands, but a bill to annul a sale. The interest of the said Dunn, as well as of her attorneys, depends upon the validity vel non of the execution sale.

■■ The appellant Dunn is alone here complaining of the decree on account of absence of parties. What was said in one of our early cases, Bumpass v. Webb, 4 Port. 65, 29 Am.Dec. 274, is here pertinent:

"The decree is, however, erroneous, for not bringing in, either by personal service of subpœna, or by publication and judgment pro confesso, the defendants, Buchanan and McCracken. It is also erroneous for not making the heirs of Rhodes and Meredith parties to the bill; or else showing that they had none. These were all material parties: they have the legal title to a part of the land in controversy: and to divest it, it is indispensable that they should be brought in. But, in as much as Bumpass is *alone* complaining, and as to him and Till, the decree is regular—Till becoming a transferee, of a part of the land, with full notice of the claim of the defendant in error,—occupies, in all respects, the situation, that Bumpass would have occupied, had he retained the legal title.

"In this view of the case, the decree is affirmed."

And, again, Chancery Practice Rule 19, then in force: "When the parties on either side are very numerous, and cannot, without manifest inconvenience and oppressive delays in the suit, be all brought before it, the court, in its discretion, may dispense with the making of all of them parties, and may proceed in the suit, having sufficient parties before it to represent all the adverse interests of the plaintiff and the defendant in the suit. But in such cases the decree shall be without prejudice to the rights and claims of the absent parties." may here be given practical effect, as it was in the case of Byars et al. v. Spencer et al., 206 Ala. 79, 89 So. 280, 283. In that case the court

58

held, inter alia, "The decree of sale is final and valid (as) to all parties *with notice*. It is without prejudice as to the 'absent parties.'" (Parenthesis supplied.)

The decree of the circuit court vacating and annulling the sales being regular and valid as to appellant, Dunn, it will in that respect be here affirmed, but without prejudice as to the heirs of G. W. Winn, deceased, and as to James A. Simpson, as trustee.

However, in view of the admissions of appellant Dunn that, at the time of the rendition of the decree in this cause, she only owned nine-twelfths undivided interest in the lands described in the bill, and that the other three-twelfths undivided interest in said lands were owned by other parties—grantees of said Dunn—, to-wit two-twelfths by James A. Simpson, as trustee, and one-twelfth by the heirs of G. W. Winn, deceased, the decree ordering the distribution of the moneys deposited by the complainants in the registry of the court must be corrected. A decree will be here accordingly entered directing, that after first deducting from the amount deposited by complainants in the registry of the court, the accrued court cost taxed by the lower court against the respondent Dunn, the register will pay to said Dunn nine-twelfths of the amount remaining, and of the balance, the register will pay over to said James A. Simpson, trustee, two-twelfths, and to the heirs of said G. W. Winn, deceased, one-twelfth, if they will accept same. In which event the decree of the circuit court, as corrected, shall become final and valid as to the said "absent parties," also. If the said Simpson, as trustee, and the heirs of said G. W. Winn, deceased, do not accept said money within sixty days from this date, then the register will return to the complainants the amount now set aside for James A. Simpson, trustee, and the heirs of said G. W. Winn. In which last named event, the decree, as corrected, shall stand affirmed, but without prejudice as to said "absent parties." Byars et al. v. Spencer et al., supra.

We are not impressed upon a consideration of all the evidence, under the pleading in said cause, that there is any merit in appellees' cross-assignment of error, and as to the cross-appeal, the same will be, and is, affirmed.

Affirmed in part, without prejudice; corrected and affirmed in part, without prejudice; and affirmed on cross-appeal.

THOMAS, BROWN, FOSTER, and KNIGHT, JJ., concur.