279 So.2d 434

**Lillie Mae CLARK and Mazie Cox**

**v.**

**Luther CLAY and J. Rufus Clay.**

**SC 233.**

Supreme Court of Alabama.

June 7, 1973.

Bill Fite, Hamilton, for appellants.

Vinson & Guyton, Hamilton, for appellees.

**HARWOOD, Justice.**

Luther Clay and his son, Rufus Clay, filed a bill in the Circuit Court of Marion County, Alabama, in Equity, seeking to cancel a deed executed by Luther Clay on December 27, 1971, by which certain described lands were conveyed to Lillie Clark and Mazie Cox, daughters of Luther Clay, with a life estate reserved to the grantor. The basis asserted for cancelling the deed was the mental incompetence of Luther Clay at the time of the execution of the deed, and further, the undue influence exercised by Lillie Clark and Mazie Cox on Luther Clay in procuring the execution of the deed.

The evidence tends to show that on December 27, 1971, Luther Clay executed a deed, under the terms of which certain land therein described was deeded to Lillie Clark and Mazie Cox with a life estate reserved to the grantor. This deed was recorded on January 3, 1972.

On May 23, 1972, Luther Clay conveyed the same land to Lillie Clark, Mazie Cox, Rufus Clay, and to L. J. Clay, Roy Clay, Kenneth Clay, and Era Sanderson, his grandchildren, with a life estate reserved to the grantor. This deed was recorded on May 23, 1972.

L. J. Clay, Roy Clay, Kenneth Clay, and Era Sanderson, grantees under the second deed, were not made parties to the proceeding.

Thereafter, decrees pro confesso were taken against the appellants and a final decree was rendered cancelling the first deed dated December 27, 1971. The court further decreed that title to the land described in the deed should vest in Lillie Clark, Mazie Cox, Rufus Clay, L. J. Clay, Roy Clay, Kenneth Clay, and Era Sanderson subject to the life estate of Luther Clay.

The only point raised by appellants in this appeal is that L. J. Clay, Roy Clay, Kenneth Clay, and Era Sanderson, as grantees under the second deed, are necessary parties and that the final decree is defective because of the absence of these necessary parties.

It is not all persons who have an interest in the subject matter of the suit, but, those only who have an interest in the object of the suit, who are ordinarily required to be made parties. Hodge v. Joy, 207 Ala. 198, 92 So. 171. The issue in this suit is the cancellation of a deed based on the mental incompetence of the grantor on the date of the execution of the deed, and that the deed was procured by undue influence on the part of the grantees in the execution of the first deed. Therefore, it follows that the parties necessary to resolve these two factual issues were before the court below.

Further, in Taylor v. State, 275 Ala. 430, 155 So.2d 595, this court said:

"* * * It has long been the law that a decree, however erroneous on account of parties in interest not being brought into the court below, will not be reversed on appeal as long as the decree is regular as to the parties taking the appeal. Bumpass v. Webb, 4 Porter 65, 29 Am.Dec. 274; Eslava v. Farley, 72 Ala. 214; Butterworth & Lowe v. Cathcart, 168 Ala. 262, 52 So. 896; Dunn v. Ponceler, 239 Ala. 53, 193 So. 723."

■ The record indicates that the appellants were brought before the court by service of process. A final decree was rendered cancelling the deed to the appellants. Appellants' rights were in no way prejudiced by the absence of the grantees under a subsequent deed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.