ON REHEARING
The original opinion in this matter is hereby withdrawn and the following substituted in lieu thereof.
Plaintiffs/appellees, John and Monie Sudduth, are elderly people. On December 7, 1973, they executed a deed transferring their 9-acre tract and homesite to one Louise Herod, who later married their son, Bobby Sudduth, reserving ". . . the right during the lifetime of either, to occupy the house located on said above described property, rent free, as long as they so desire or until their death." The consideration for the transfer, according to the elder Sudduths, was $3,000 and an oral agreement by Louise and Bobby Sudduth to "look after" them for the remainder of their lives.
The son and daughter-in-law moved a mobile home onto the premises. Disputes between the Sudduths and their son and daughter-in-law arose. Harassments occurred. Disagreement arose over ownership of household goods and garden tools. The son claimed that the personal property went to him under the agreement. The elderly couple disputed this. They filed suit on April 11, 1977, and asked that the trial court set aside the deed and decree that the household goods and garden tools belonged to them. The trial judge found, in part:
 (1) There was no meeting of the minds between the parties in several respects,[1] which were material to the validity of the agreement.
 (2) That defendants, as a material part of the consideration for this transaction, agreed to "look after" the plaintiffs in their old age. (The court made no decision as to whether the deed was voidable *Page 1104 
under Alabama Code section 8-9-12, where a deed is held voidable if a material part of the consideration is an agreement to "support" since "there are other legal principles upon which plaintiffs may be granted relief.")
 (3) That the $3,000 consideration was substantially less than the fair market value of the land.
The judge concluded from the foregoing that "there was no meeting of the minds between the parties with respect to material elements of the agreement pursuant to which plaintiffs deeded their homeplace to one of the defendants, we have decided that plaintiffs are entitled to relief" and gave the Sudduths an option to reform the deed or set it aside; they selected the second option which provided:
 "The deed will be set aside and the whole transaction will be declared void. Plaintiffs will be required to refund the cash part of the consideration heretofore paid, and plaintiffs shall also be required to pay to defendants the value of all improvements placed on the property by the defendants which cannot be removed by the defendants. A special hearing will be held to determine the exact amount of money to be paid by plaintiffs to defendants. Upon payment of the amount determined to be due, defendants shall vacate the property."
We affirm.
The trial judge sat without a jury and had the advantage of observing the witnesses for either side and their demeanor on the stand as well as observing the premises in question. Where testimony is taken ore tenus, the findings of fact made and entered by the trial court will be sustained unless they are clearly and palpably wrong or without supporting evidence, or are manifestly unjust. The final decree appears fairly supported by the evidence and we cannot say the result is unjust.
AFFIRMED. ORIGINAL OPINION WITHDRAWN, NEW OPINION SUBSTITUTED. APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] The court held:
 ". . . Without listing all of the instances with respect to which there was no meeting of the minds, two examples will be cited. First, defendants claim that as part of said transaction, they (the defendants) acquired all of the furniture and appliances in plaintiffs' home, and all of the farm and garden tools and equipment owned by plaintiffs. There is no bill of sale to that effect, and the deed is silent on that point; plaintiffs claim that said personal property was not part of the transaction. Second, defendants claim that plaintiffs reserved in the deed only the bare right to occupy the house, which is all the deed states, while the plaintiffs claim that they were to have the use and enjoyment of appurtenant yards, driveway and outbuildings."