EMBRY, Justice.
This is an appeal by George H. and Pearle Jones, defendants below, from an adverse judgment in an action of John Henry Brown, Jr., and Elizabeth James Brown, plaintiffs below. The judgment entered after an ore tenus hearing, in parts pertinent to this appeal, reads:
“ORDERED, ADJUDGED and DECREED by the Court as follows:
“1. That there is a public road running north-south along the Eastern edge of the Plaintiffs’ property, which is the Eastern Section Line of Section 22, Township 4 South, Range 2 East and the right-of-way of said public road should be located thirty (30) feet in either direction of the Section Line.
“2. That Defendants, and all persons acting in concert or on their behalf, be and they hereby are, restrained and, enjoined from obstructing the roading [sic].”

Issues

(1) Was it reversible error for the trial court to deny the Joneses’ motion to add Baldwin County as a third party defendant?
(2) Does the error in the description of the location of the road in the judgment render the trial court’s finding of facts clearly and palpably wrong and without supporting evidence so as to require reversal?
We answer the question posed by issue number two in the affirmative and reverse with instructions.

Decision

The Joneses contend the trial court erred to reversal by denying their motion to add Baldwin County as an additional defendant. No authority is cited in support. It is clear to this court that Baldwin County was not a party needed for a just adjudication as contemplated in Rule 19, ARCP. Absence of the county did not prevent complete relief from being accorded to the Joneses or the Browns, nor did the county claim such an interest in the property in question that the disposition of the action in its absence would impair or impede its ability to protect any such interest, or subject either the Browns or the Joneses to a risk of incurring double, multiple, or inconsistent obligations by reason of any claimed interest in the property by the county. See Rule 19(a), ARCP.
As this court stated in Clark v. Clay, 291 Ala. 165, 279 So.2d 434 (1973):
“It is not all persons who have an interest in the subject matter of the suit, but, those only who have an interest in the object of the suit, who are ordinarily required to be made parties. * * * ” 291 Ala. at 166, 279 So.2d at 435.
While the county may have had an interest in the road at issue in this case, it clearly did not have an interest in the object of this declaratory judgment action. It, therefore, did not need to be joined; ergo, the trial court did not err by denying the Joneses’ motion to bring it in as an additional party.
The crucial issue to be resolved in this case is whether the error in the property description in the final judgment, which locates the road, requires reversal of that *725 judgment. We find such error renders the judgment clearly and palpably erroneous and thus requires reversal.
It is not disputed that the description is erroneous. The Browns admit this. The trial court apparently incorporated in the judgment the description contained in the Browns’ complaint. They now state the correct description of the eastern boundary of their property to be the one-half Section Line (North-South Line between NW lk and NE Vi of Section 22) of Section 22, Township 4 South, Range 2 East. The Joneses contend the error renders the trial court’s decree clearly and palpably erroneous. The Browns argue that such an error is merely clerical in nature and should not require reversal, but instead, be corrected by a Rule 60(a), ARCP, motion to the trial court. We agree with the Joneses’ contention that reversal is required; however, we do not find that a new trial need necessarily be had.
Under the ore terms rule, this court has often stated: “Where testimony is taken ore tenus, the findings of fact[s] made and entered by the trial court will be sustained unless they are clearly and palpably wrong or without supporting evidence, or are manifestly unjust.” See, e. g., Sudduth v. Sudduth, 366 So.2d 1102 (1979). In this case the trial court’s finding, that the road ran along the Eastern Section Line of Section 22, Township 4 South, Range 2 East, is clearly and palpably wrong with no supporting evidence; therefore, reversal is required. However, a new trial may not be required if the error in the property description does not affect the trial court’s other findings of fact. We, therefore, remand the case for a determination by the trial court if the error in the property description affects its other findings of fact so as to require a new trial as to all issues. If the trial court determines a new trial is necessary, then it should order one; however, if it determines the error in the property description does not affect its other findings of fact and the error in the decree can easily be corrected, then the trial court should correct the error and a new trial need not be ordered.
The judgment must be reversed and the case remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.