This is an appeal from an order denying the plaintiff, Universal Development Corporation, specific performance, damages and other relief sought against the defendant, Stephen J. Shader. The facts which gave rise to this cause of action, as found in the final judgment of the Jefferson County Circuit Court, are as follows: On December 31, 1977, Universal Development Corporation, as purchaser, and Stephen J. Shader, as seller, contracted to buy and sell a parcel of land in the Red Mountain Park area. The contract provided that the sale would be closed on or before December 31, 1978. Pending the closing, Universal Development Corporation was to pay monthly interest payments of $667. These payments were to be forfeited as liquidated damages in the event the purchaser failed to carry out the terms of the agreement. The contract further provided that "The seller warrants that sewer facilities are available to this site." This contract was written by the president of the plaintiff, Universal Development Corporation. The trial court specifically found as a fact that on December 31, 1977, there existed an operable sewer line along the middle of Vulcan Road which abutted and adjoined the lot in question. The evidence at trial showed that the lot in question was in the sewer drainage area which was subject to a moratorium by the Alabama Water Improvement Commission but that the lot in question, along with other lots in a specific subdivision, had been exempted from the moratorium. Because of such exemption the lot in question was *Page 1117 
eligible for a sewer connection permit on December 31, 1977.
On November 14, 1978, the Alabama Water Improvement Commission lifted its sewer moratorium but Jefferson County simultaneously imposed its own moratorium on sewer connections within the same geographical area. This prevented the lot in question from being eligible for a sewer connection on the date set for closing, to-wit, December 31, 1978.
By agreement the parties changed the closing date to January 2, 1979, on which date the president of Universal Development Corporation called Mr. Shader's attorney and asked for a letter confirming that sewer facilities were available. The attorney responded verbally and in writing that he could not make such a warranty. Thereafter the plaintiff Universal Development Corporation failed to appear and close on the date set for closing. On January 12, 1979, the plaintiff brought this action, seeking to delay the closing date of the sales contract to such time as the defendant was able to warrant the availability of sewer connections to the site. The trial court denied all the relief sought by the plaintiff, reasoning:
 The evidence shows that at the time of the contract, sewer facilities were available to Lot 12 and that the seller made a warranty of such existing fact. However, at the time for closing the sale, such condition no longer existed due to governmental action outside of the control of either party, but that the purchaser would not fulfill its part of the purchase without a further warranty that sewer facilities were then available for use. The seller could not make such a warranty due to the prior events of the moratorium and the contract expired by its written provisions.
 Based upon these matters, the Court concludes that Shader did not breach the sales contract by refusing to make a present warranty as to the availability of sewer facilities when he knew that such was no longer true and had no assurance when sewer facilities would be available to the lot.
As demonstrated in the above excerpt from the trial court's opinion, the court held the warranty in the contract was ambiguous as to whether it was meant as a present warranty of existing fact at the time the contract was written or whether it was intended as a continuing warranty, the conditions of which must be met at the time of closing. Because of this ambiguity perceived in the warranty the court admitted parol evidence.
When the terms of a contract are unambiguous, determination of its meaning is a question of law and should be decided without resort to extrinsic evidence. Travelers InsuranceCompany v. Kernachan, 283 Ala. 96, 214 So.2d 447 (1968); UnitedStates v. Waterman S.S. Corporation, 397 F.2d 577 (5th Cir. 1968). Where the terms of the contract are of doubtful meaning or the language of a contract is ambiguous, precontract negotiations and conduct of the parties may be looked to by the trier of fact as an aid in interpreting the contract. C.F.Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644,320 So.2d 657 (1975); Johnson-Rast Hays, Inc. v. Cole, 294 Ala. 32, 310 So.2d 885 (1975). Whether or not a written contract is unclear and ambiguous is a question of law for the court. C.F.Halstead Contractor, Inc. v. Dirt, Inc., supra; WiregrassConstruction Company v. Tallapoosa River Electric Cooperative,Inc., 365 So.2d 95 (Ala.Civ.App. 1978).
The warranty in the instant case is ambiguous in that the language of the warranty does not indicate whether the parties intended that warranty to be effective only at the time the contract was written or at the time of closing as well. The trial court, recognizing the ambiguity in the warranty, admitted parol evidence; and, as the trier of fact determined that the true intention of the parties was that the warranty was a present warranty made at the time of contracting and that the parties did not intend that that warranty continue in effect to the time of closing. Where the trial court's determination is based on evidence, a part of which was offered orally, *Page 1118 
its finding has the effect of a jury verdict and will not be disturbed on appeal unless plainly and palpably erroneous.Suddeth v. Suddeth, 366 So.2d 1102 (Ala. 1979); Hall v. Polk,363 So.2d 300 (Ala. 1978).
For the reasons stated above, we hold that the warranty at issue was ambiguous and the trial court properly admitted parol evidence of the parties' intentions. The trial court's holding, based on evidence heard ore tenus, that the warranty was a present warranty of existing fact is not plainly erroneous. Therefore, the ruling of the trial court should be and is hereby affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.