SHORES, Justice.
This is an appeal from an order denying a motion to dismiss for failure to join an indispensable party pursuant to Rule 19, Alabama Rules of Civil Procedure. The issue is whether the United States is an indispensable party in a suit seeking to settle a dispute over a boundary line between lots located within a federal hydroelectric project.
The controversy involves the boundary line between lakefront lots in Tallapoosa County. The plaintiff claims ownership of a parcel of land which is bounded by a parcel owned by Alabama Power Company (APCo). A dispute has arisen concerning the boundary line between them. Originally, the plaintiff, Dewey Curry, commenced this action to quiet title of two waterfront acres. Later, he amended the complaint to claim a boundary line dispute, pursuant to Ala.Code 1975, § 35-3-2. Alabama Power Company holds a license granted in 1925 by the Federal Power Commission to operate a hydroelectric dam across the Coosa River.
APCo moved to dismiss this action pursuant to Rule 19, ARCP, claiming that the United States was an indispensable party and also moved to join Bobby Jack Coleman, the party that leased the lot adjoining the plaintiff’s property from APCo, as a defendant. The trial court ordered Coleman joined as a defendant, but denied APCo’s motion to dismiss for failure to join the United States. The issue regarding the status of the United States as an indispensable party is the only issue before this Court on interlocutory appeal.
Both parties agree that the disputed property is located within the project boundary of Federal Energy Regulatory Commission (FERC) Project No. 349 (Lake Martin). The FERC (formerly the Federal Power Commission) has the power to grant companies, such as APCo, a license to develop and operate hydroelectric power facilities on waterways. As previously stated, the issue on appeal is whether the United States, as licensor to APCo, has an interest in this suit seeking to establish the boundary line between lots located within the project. The United States has the power to take over and operate any project after expiration of an issued license. This is stated in 16 U.S.C. § 807(a) (1970):
“[T]he United States shall have the right upon or after the expiration of any license to take over and thereafter to maintain and operate any project or projects as defined in section 796 of this title [16 U.S.C. § 796], and covered in whole or in part by the license....”
APCo contends that the recreational sites which border the lake are part of the “project.” A project is defined at 16 U.S.C. § 796(11) as follows:
“ ‘[Pjroject’ means complete unit of improvement or development, consisting of a power house, all water conduits, all dams and appurtenant works and structures (including navigation structures) *50 which are a part of said unit, and all storage, diverting, or forebay reservoirs directly connected therewith, the primary line or lines transmitting power therefrom to the point of junction with the distribution system or with the interconnected primary transmission system, all miscellaneous structures used and useful in connection with said unit or any part thereof, and all water-rights, rights-of-way, ditches, dams, reservoirs, lands, or interest in lands the use and occupancy of which are necessary or appropriate in the maintenance and operation of such unit.”
Whether the recreational lands surrounding waters utilized by a hydroelectric facility are part of a “project” has never been determined by this Court. At least one federal court has recognized that the FERC’s power to regulate “projects” includes land used for recreational purposes. A Vermont district court ruled that a state environmental board had no power to block the proceeding of certain portions of a hydroelectric project. The district court ruled:
“ ‘[Pjroject’ is defined at section 3(11) of the Act, 16 U.S.C. § 796(11), as a ‘complete unit of improvement or development’ consisting, among other elements, of
‘all miscellaneous structures used and useful in connection with said unit or any part thereof, and all water-rights, rights-of-way, ditches, dams, reservoirs, lands, or interest in lands the use and occupancy of which are necessary or appropriate in the maintenance and operation of such unit.'
Moreover, the federal licensing agency is enjoined to issue licenses on the condition
‘[t]hat the project adopted ... shall be such as in the judgment of the Commission will be best adapted to a comprehensive plan for improving or developing a waterway or waterways for the use or benefit of interstate or foreign commerce, for the improvement and utilization of water-power development, and for other beneficial public uses, including recreational purposes’ ”
Town of Springfield, Vt. v. State, 521 F.Supp. 243, 249 (D.Vt.1981).
In another case, the United States Court of Appeals, Fifth Circuit, decided that a recreational area could be “considered a work appurtenant or accessory to a dam or reservoir.” State of Louisiana, Sabine River Authority v. Lindsey, 524 F.2d 934, 939 (5th Cir. 1975). We agree with these courts and with APCo that recreational sites are included in the definition of “project” under 16 U.S.C. § 796(11). Thus, the land which is the subject of this cause of action is correctly included in FERC Project 349. We do not agree, however, that this makes the United States an indispensable party in this case.
The United States has a reserved right to take over and regulate the property located within a project under the Federal Power Act. 16 U.S.C. § 807(a). The power company asserts that this Court’s ruling in a case concerning a boundary dispute in a subdivision mandates that the United States must be joined as a party. In Johnston v. White-Spunner, 342 So.2d 754 (Ala.1977), this Court stated:
“In an action where the final decree affects title, ownership, or interest in real property each possessor of title, ownership or interest must be made a party to the action.” (Citations omitted.)
342 So.2d at 759.
The trial court in Johnston had ordered the boundary line shifted between the litigants. This also changed the property line of every other lot owner in the subdivision. There, the Court held that the other lot owners were indispensable parties.
That case is inapposite here. In the present case, only the property line between two lots is in dispute. The case concerns only plaintiff’s lot and the adjoining APCo lot leased to Bobby Jack Coleman. The determination of the proper property line between these two lots will have no consequence on the United States’ reserved right to take over and operate FERC Project No. 349. Thus, the United States has no interest in the object of the suit, the establish *51 ment of the property line between the two lots. This Court has often held that a party without an interest in the object of a suit is not an indispensable party. Clark v. Clay, 291 Ala. 165, 166, 279 So.2d 434 (1973); Morgan Plan Co. v. Bruce, 266 Ala. 494, 497, 97 So.2d 805 (Ala.1957). Rule 19(b), ARCP, lists four factors when it is necessary for a court to dismiss a suit because a party cannot be joined. Because the location of the disputed property line does not affect the rights of the United States, we hold that the government is not an indispensable party.
For the reasons set forth, the order of the trial court is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.