PER CURIAM.
This case involves a dispute over real estate broker fees allegedly owed to Jerry Davis, a real estate agent, by Richard Sher-rill and Sherrill Realty Company.
Davis appeals from a summary judgment granted in favor of Richard Sherrill and Sherrill Realty Company, denying his claim for broker fees. That summary judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P. The trial judge denied summary judgment on a motion by Max Chil-dress and Childress Real Estate, who were co-defendants in the original suit, and who are now the sole remaining defendants in the trial court.
Richard Sherrill was part owner of 2,440 acres of land, known as Sunrise Hill Farm, located in Baldwin County; and he was also principal shareholder of Sherrill Realty Company, which was the exclusive selling agent in regard to that property. Because Sherrill was licensed only in Florida, he entered into a cooperating brokerage agreement with Max Childress, an Alabama licensee. The agreement provided that Childress and Sherrill would divide the sales commission equally upon Childress’s procuring a ready, willing, and able buyer. Sherrill required Childress to provide him with a list of prospective buyers.
Davis asked Childress to meet him and George Sanders, a prospective buyer, at the property to show it and discuss the price. On April 1, 1985 (the morning after Childress and Davis showed the property to Sanders), Sherrill, Childress, and Davis met at the property, and Childress added Sanders’s name to his list of prospective buyers, and gave it to Sherrill.
Davis contends that he, Childress, and Sherrill, discussed George Sanders as a prospective purchaser at this meeting, but Childress and Sherrill contend that a Mr. Wallace Yost (another Davis prospect) was the only prospective purchaser discussed at the meeting.
Sherrill told Davis that he could not look for a buyer until an agreement could be reached in regard to the division of the commission. At this meeting, Sherrill, Davis, and Childress signed the following agreement, handwritten by Sherrill:
“Whereas Sherrill Realty Company, exclusive listing agent for the seller and owner of the 2440 acre parcel of land known as SUNRISE HILL FARM, Foley, Alabama and cooperating real estate brokers known as Max Childress Real Estate, registered brokers, and Jerry Davis Realty Company, registered broker, desire to mutually agree and consent to certain terms and conditions pertaining to the offering and sale of the subject property and the division of the sales commission resulting from the closing of *710 a cash sale within 30 calendar days immediately following execution of the sales agreement by the seller;
“And Whereas said real estate brokers desire to mutually agree upon the method of payment of the commission payable in cash at closing of the sale;
“Wherefore, the below signed brokers do hereby consent, agree and approve the following terms and conditions:
“1. Gross sales price shall be $2,955,-555.00 payable in cash to seller at closing on or before 30 calendar days, immediately following execution of the seller’s forrri of sales agreement.
“2. No mineral rights are included in the property and sale.
“3. The buyer shall pay for any boundary survey required by buyer.
“4. Seller and buyer to split (50% — 50%) the cost of title insurance to be furnished by reputable title insurance company via C.C. Sherrill, Attorney at Law, who shall close sale at seller’s expense.
“5. Total commission shall be $295,-555.00 payable in cash by seller to Sher-rill Realty Company, exclusive agent for seller, contingent upon closing of sale, and the undersigned brokers agree and consent to division of the total commission as follows:
“(a) Sherrill Realty Co. -$140,000.00
“(b) Max Childress Real Estate Co. -$ 77,777.50
“(c) Jerry Davis Real Estate Co. —$ 77,777.50
“TOTAL ' $295,555.00
“We hereby agree and consent to the above terms and conditions this 9th day of April, 1985.
“RICHARD SHERRILL, President
“Sherrill Realty Company
“MAX CHILDRESS, registered real
“estate broker
“JERRY DAVIS, registered real
“estate broker”
Sherrill and Childress contend that the agreement contemplated only Wallace Yost’s purchasing the property for $2,955,-555. Davis contends that the agreement was made in reference to any sale that he made at a price acceptable to Sherrill (including a sale to George Sanders). Sherrill further contends that he believed that George Sanders was Childress’s prospect; Childress, however, concedes that Sanders was originally Davis’s prospect.
Yost’s offer to purchase was later rejected, and negotiations between Davis and Sanders collapsed.
In June 1985, Sanders and his partner contacted Childress and purchased the property for $2,600,000. A sales commission of 5% was paid, Vb to Sherrill and ½ to Childress. Davis heard of the sale to Sanders, and asked Sherrill and Childress to pay him his Vi share of the commission. They refused, and Davis filed suit against Sher-rill, Sherrill Realty, Childress, and Chil-dress Realty. The trial court granted summary judgment in favor of Sherrill and Sherrill Realty and made the judgment final pursuant to A.R.Civ.P. 54(b).
The issue presented is whether the trial court erred in granting the summary judgment in favor of Sherrill and Sherrill Realty. We hold that it did. The depositions and supporting affidavits supply genuine issues of material fact requiring resolution by a factfinder.
The standard for summary judgment has two basic parts: the trial court must determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. Sadie v. Martin, 468 So.2d 162 (Ala.1985). The facts before the trial court must be viewed in the light most favorable to the non-moving party. Where there is an issue of material fact, the issue must be determined by a jury, and summary judgment cannot be granted. Tripp v. Humana Inc., 474 So.2d 88 (Ala.1985).
The contract signed by Childress, Sherrill, and Davis is ambiguous. It is not clear from the four corners of the contract whether Davis, Childress, and Sherrill intended their agreement to be limited to the Yost offer or extended to any prospect Davis procured who ultimately purchased the land, including Sanders. It is also unclear whether the parties to the contract intended a commission to be paid only in the event that the property was bought for *711 the $2,955,555 asking price, or whether they contemplated payment of a commission if the sale price was reduced.
It is well settled that parties are bound by their contracts, and that where the terms are clear and unambiguous parol evidence is not permitted. However, where the contract is ambiguous and uncertain as to what the parties intended, as this one is, then parol evidence is permitted, not to change the terms of the agreement, but to establish the true intent of the contracting parties.
Here, Davis and Sherrill offered testimony that is diametrically opposed as to what the parties intended by the agreement that Sherrill reduced to writing.
It is, therefore, necessary that these disputes be resolved by the factfinder after parol evidence is allowed. See, Universal Development Corp. v. Shader, 382 So.2d 1115 (Ala.1980).
Because there are genuine issues of material fact that are disputed by admissible evidence, it is necessary that these issues be resolved by a trial. It was, therefore, error to grant the summary judgment.
Accordingly, the judgment of the trial court is reversed, and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.