STEAGALL, Justice.
Plaintiff J.C. Brooks, doing business as Brooks Engine and Machine Shop, sued South Carolina Insurance Company, alleging breach of a contract of insurance. At the close of Brook’s evidence, South Carolina Insurance filed a motion for a directed verdict and it renewed that motion at the close of all of the evidence. South Carolina Insurance’s defense consisted totally of the contract itself. The jury returned a verdict in favor of Brooks for $42,730.93. South Carolina Insurance then filed a motion for judgment notwithstanding the verdict and a motion for new trial, both of which were denied.
South Carolina Insurance contends that the trial court improperly denied its motions for directed verdict and J.N.O.V. because, it argues, Brooks failed to provide substantial evidence to support his claim. South Carolina Insurance also argues that the trial court erred in not granting those motions, because, it says, the court improp *1090 erly allowed the jury to construe the terms and conditions of the insurance contract. It argues that there were no outside factors to consider and that a proper reading of the contract language entitled it to a judgment.
South Carolina Insurance also contends that the trial court erred in failing to grant its motion for new trial, because, it contends, the jury’s verdict was against the great weight of the evidence.
The evidence at trial showed the following: J.C. Brooks owned and operated a small business in Russellville, Alabama, known as Brooks Engine and Machine Shop. In May 1988, he purchased insurance for his business from a local independent insurance agency, Sinclair-Lawrence & Associates, through its agent, Joel Thomas Quillen. The insurance contract, entitled “Commercial Lines Policy,” was with South Carolina Insurance as the insurer. Brooks timely paid his premiums but had no further contact with the agent or with South Carolina Insurance until January 2, 1989. On that day, Brooks contacted Sinclair-Lawrence & Associates in an effort to make a claim on his policy for $42,000 in losses that had resulted from a burglary at his business on January 1, 1989. Brooks was later contacted by a representative of South Carolina Insurance concerning his claim. After an investigation, South Carolina Insurance informed Brooks by letter that he did not have theft loss coverage and that it therefore would cover only his property damage losses to the building itself, and would not cover inventory losses. As a result, Brooks filed this action.
Brooks has maintained from the outset of the litigation that the insurance policy is ambiguous as to the meaning of “theft losses.” South Carolina Insurance argued at trial and argues on appeal that theft loss coverage was excluded from the insurance policy. South Carolina Insurance also contends that a reading of the policy itself would have put Brooks on notice that he did not have theft loss coverage; during the testimony, Brooks admitted that he had not read his policy.
It is clear from the record before us that the primary issue before the trial court was whether the insurance policy in question was ambiguous. We have stated on many occasions that the question whether an insurance policy or some other contract is ambiguous is a question of law for the trial court, not a question for a jury. See Continental Electric Co. v. American Employers Insurance Co., 518 So.2d 83 (Ala.1987), cert. denied, 486 U.S. 1023, 108 S.Ct. 1997, 100 L.Ed.2d 228 (1988); Upton v. Mississippi Valley Title Insurance Co., 469 So.2d 548 (Ala.1985); Smith’s Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983); and Universal Development Corp. v. Shader, 382 So.2d 1115 (Ala.1980). The trial court gave the following jury charge:
“If you find the provisions of this insurance policy to be ambiguous, then it is the law that courts have no right to add anything to the contract between the parties, or to take anything from them. The contract must be enforced as it is written. Where á contract of insurance is capable of being variously construed, that construction favorable to the insured, that is, to the plaintiff, is to be adopted since the insured is entitled to the protection which he may reasonably expect from the terms of the policy he purchases, but no new contract is to be made by the parties by construction. I will tell you, ladies and gentlemen, that an ambiguity is doubtfulness, doubleness of meaning, indistinctness, or uncertainty of meaning of an expression that is used in a written instrument. Words are said to be ambiguous if their significance and meaning seem doubtful and uncertain to persons of competent skill and knowledge to understand them.”
It was clearly error for the trial court to delegate to the jury the function of construing the terms of the policy.
Furthermore, the policy language unambiguously shows that Brooks did not have theft loss coverage. It is clearly evident from the premium notice that Brooks did not pay a premium for theft loss coverage.
*1091 Therefore, the judgment is due to be reversed and a judgment rendered for the defendant insurer.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and INGRAM, JJ„ concur.