# Butterworth & Lowe *v.* Cathcart.

### *Assumpsit.*

(Decided Feb. 3, 1910.    Rehearing denied June 30, 1910.
52 South. 896.)

1. *Appeal and Error; Judgment Appealable; Execution Against Sureties.*—An order directing an execution against sureties for costs of a non-resident plaintiff is not appealable where there is no judgment against the sureties for cost.

2. *Same; Right to Appeal; Prejudice.*—A plaintiff is not prejudiced by an improvident order directing execution for costs against its sureties, and hence has no right to complain on appeal.

3. *Same; Harmless Error; Evidence.*—Where there was other competent testimony admitted without objection establishing the same facts, a plaintiff is not prejudiced by the improper exclusion of certain evidence because the witness had no personal knowledge of the facts testified to.

4. *Same; Record; Bill of Exceptions; Presumption.*—Where the bill of exceptions recited that plaintiff introduced the depositions of V. and the interrogatories and answers were as follows, (setting out interrogatories and answers from 1 to 37 inclusive except for the omission of several numbers), it will not be presumed on appeal from such submission that the bill of exceptions did not contain all the interrogatories offered and admitted at the trial.

[Butterworth & Lowe v. Cathcart.]

5. *Evidence; Letters; Authenticity.*—Letters alleged to have been received by a defendant are inadmissible without some proof of genuineness and authenticity other than their contents.

6. *Same.*—Evidence that a letter alleged to have been written by plaintiff was received by defendant, and its contents, was insufficient to establish its authenticity in the absence of evidence that the letter was received in due course of mail.

7. *Sales; Delivery to Carrier; Preparation for Shipment.*—If the goods need any preparation and the seller fails to put the goods in proper course of conveyance by proper preparation for shipment, so that the buyer may recover indemnity against the carrier in case of loss, such delivery to the carrier would not operate as a delivery to the buyer in compliance with the contract of sale.

8. *Same; Action for Price; Delivery to Carrier.*—Where the action was for the price of certain cars and wheels, and the buyer claimed that the goods were defective when they left the seller's possession, or were injured in transit for want of proper preparation for shipment, and the evidence was in conflict as to these contentions, a charge asserting that if the plaintiff shipped the goods as ordered, and when delivered to the carrier, they were in perfect condition and free from defect and bill of lading issued and delivered to the defendant upon consignment to the defendant, then title vested from the time of delivery to the carrier pretermitted all consideration of the alleged negligence of the seller in preparing the goods for shipment and was properly refused.

9. *Charge of Court; Construed as a Whole.*—While a charge need not deal with the whole case, but may present only a single phase thereof, if it does not make the whole case turn on that phase, the phase presented must be adequately stated without omissions which might lead the jury to infer that the omitted facts were of no consequence.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Butterworth & Lowe against John Cathcart. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The issues and evidence are sufficiently indicated in the opinion. The following is charge 6, refused to the plaintiff: "If the jury believe from the evidence that plaintiff shipped the defendant such cars as defendant ordered, and if you further believe that at the time said cars were delivered to the railroad company they were in perfect condition and free from defects and other imperfections, and if you further believe from the evidence that said wheels were consigned to the defendant,

and the bill of lading was issued to him, and mailed to him, then I charge you that, if you believe that, a delivery to said railroad was a delivery to the defendant, and title vested in the defendant from the date of such delivery to the railroad."

LOWE & TIDWELL, for appellant. When the articles were delivered to the railroad company properly consigned to the defendant, it was a delivery, and when bill of lading was issued and mailed them title was immediately divested out of the appellant and into the appellee.—*Bank of Guntersville v. Jones Cotton Co.,* 46 So. 971; *Foley v. Felrath,* 98 Ala. 176; *Robison v. Pogue,* 86 Ala. 257; *McCormick v. Joseph,* 77 Ala. 237. The court erred in directing execution to issue against the sureties for costs.—*Dowe Wire W. v. Englehart,* 136 Ala. 608. The court is authorized before the introduction of depositions to exclude the answers of the witness where an inspection of the answers disclosed the fact that the witness had no knowledge of the things he was attempting to testify about.—*Woodall v. Peoples Bank,* 45 So. 196. The court erred in the admission of the letters in evidence.—*O'Connor M. & M. Co. v. Dickson,* 112 Ala. 308; *L. & N. v. Britton,* 43 So. 108. Charge A should have been given, as should charges 2 and 6.—*Hodges v. Tufts,* 115 Ala. 366; *Bank of Guntersville v. Jones C. Co., supra.* Charge 8 should have been given.—*Hodges v. Tufts, supra; Lockwood v. Fitts,* 90 Ala. 150; *Eagan v. Johnson,* 82 Ala. 237.

E. W. GODBEY, for appellee. Apellants cannot complain of the court's action against her sureties.—*Eslava v. Farley,* 72 Ala. 214. Where there is evidence of the fact admitted without objection the improper sustaining of objections to similar evidence is not prejudicial.

There was no error in admitting the letter because it was and purported to be a reply to defendant's letter of Feb. 20th.—3 Wig., Sec. 2153; *White v. Tolliver,* 110 Ala. 300. No presumption will be indulged as to the omissions in the bill of exceptions.—*Dupre v. The State,* 42 So. 1004; *Carpenter v. Joyner,* 24 So. 424; *Alexander v. Wheeler,* 78 Ala. 171. The court properly refused to charge that the title vested in the appellee on the conditions named therein.—24 Enc. of Law, 1072; Benj. on Sales, Secs. 693 and 723; *Taylor v. Cole,* 111 Mass. 363.

SAYRE, J.—Plaintiff, a corporation, being a nonresident, Messrs. Lowe & Tidwell became security for costs. Judgment having been rendered for the defendant, the court, without motion or judgment against the sureties, ordered that execution issue against them for costs. Appellant, who was plaintiff in the court below, assigns that order for error. There are two equally conclusive reasons why that assignment cannot be sustained in this court. For one, there is no judgment against the sureties to support an appeal, but only an improvident order which the court below will correct on application.—*Dow Wire Works Co. v. Englehardt,* 136 Ala. 608, 33 South. 817. For the other, appellant cannot be heard to complain of an order, however erroneous, which is not prejudicial to it.—*Eslava v. Farley,* 72 Ala. 214.

This suit was for the recovery of the contract price of the iron parts of two tram cars sold by the plaintiff to the defendant. Exceptions were reserved to several rulings excluding parts of the testimony of plaintiff's witness Vyn to the effect that defendant had given no instructions as to how the tram cars were to be shipped, and that they had been shipped by rail and bill of lad-

ing forwarded to defendant by mail. The ground of the exclusion was that witness' subsequent testimony disclosed that he had no personal knowledge of the facts in question. If the ground was not well taken, it was nevertheless true that evidence subsequently introduced and the further progress of the trial deprived these rulings of injurious consequences. There was other uncontradicted testimony, as to the competency of which no objection was taken, that the defendant gave no directions whatever as to the shipment of the tram cars, while the defendant, testifying for himself and through the mouths of other witnesses, unreservedly admitted that the articles had been actually received by him, though not delivered according to the contract because, as he contended, they were defective when shipped. Thus any issues upon which the testimony in question may have had a bearing were removed from the case.

Appellant complains that the court admitted the letter dated February 22, 1905, and purporting to have been written by it, without sufficient proof of its au thenticity. Some proof of genuineness was requisite, of course. The language of the letter abundantly indicated that it had been written in reply to defendant's letter of two days before. But authentication by contents alone is insufficient. A rule permitting that would leave parties no safeguard against fabrication. The authorities generally state that the receipt by due course of mail of a letter shown by its contents to be related to another of antecedent date and mailing is sufficient to warrant its introduction in evidence. Such was the case in *White v. Tolliver*, 110 Ala. 300, 20 South. 97. This rule depends upon the habitual accuracy and promtness of the mails, and the fact that the tenor of the letter as a reply to an antecedent letter indicates a knowledge of the tenor of the antecedent. It is formu-

lated in 3 Wigmore on Evidence, as follows: "There
seems to be here adequate ground for a special rule de-
claring these facts, namely, the arrival by mail of a
reply purporting to be from the addressee of a prior
letter addressed and mailed, are sufficient evidence of
the reply's genuineness to go to the jury." It is there
stated that such a rule—varying slightly in the phrase-
ology of different judges—seems now to be universally
accepted. Clearly, defendant failed to bring the offer-
ed letter within the rule. The statement of the bill of
exceptions is that this letter was "received by defend-
ant." The fact, of prime importance under the rule,
that the letter was received through the mails in due
course, is not stated. Appellee insists that, although
the bill of exceptions contains a statement that the evi-
dence therein set out was all the evidence, it affords in-
dications that there was other evidence, and that this
court, construing the bill most strongly against the party
excepting, and indulging in all reasonable presumptions
in favor of the trial court in order to sustain the judg-
ment appealed from, will presume that there was evi-
dence going to show the authenticity of the letter. Aft-
er an examination of the bill of exceptions, we do not
feel justified in adopting the proposed interpretation.
Appellee's argument in this connection is based upon
the following state of the statutory record, the bill of
exceptions: "The plaintiff (it recites) introduced the
deposition of one N. C. Vyn, in its behalf, and the inter-
rogatories and answers in said deposition were as fol-
lows:" Then follow interrogatories and answers num-
bered from 1 to 37; several numbers being omitted. In
order to assume that there were interrogatories and
answers corresponding to the omitted numbers, it would
be necessary to contradict the bill of exceptions in two
particulars, viz., that part of it which states that the

evidence set out was all the evidence, and that part of it which states that the interrogatories and answers introduced were the interrogatories and answers set down in the transcript. We think rather that the statements of the bill of exceptions are unambiguous and must be allowed to stand, and that, if any presumptions whatever are to be indulged, we must presume that the interrogatories and answers were not consecutively numbered, or that all of them were not offered or received in evidence. The letter put forward, as coming from the plaintiff, what perhaps the jury was asked to consider as a lame and impotent account of how the wheels came to be defective, and afforded basis for the argument that the plaintiff, when delivering to the carrier, did not take the usual precaution for insuring safe delivery to the buyer, as it was its duty to do, and that the defects in the wheels were caused by this negligence on the part of plaintiff. Indeed, the appellee insists that it convicts the appellant of gross negligence. If the seller failed to put the goods "in such a course of conveyance (by proper preparation for shipment, if the goods needed any preparation) as that, in case of loss, the defendant might have his indemnity against the carriers," such a delivery would not be the delivery contemplated by the contract.—Benj. on Sales (7th Ed.) § 694. We cannot know judicially whether these articles required any preparation for shipment, nor will we be understood as intending any intimation in respect to the merit of this contention in fact. The letter was not properly authenticated, and its admission in evidence was prejudicial error for which the judgment must be reversed.

If we have not misconceived the record, it shows that the contested questions were whether the wheels which were a part of the shipment were defective when they

[Butterworth & Lowe v. Cathcart.]

left the possession of the plaintiff or were injured while in transit, and whether defendant had kept them an unreasonable time before returning them to the plaintiff. This last was, indeed, nothing more than a fact of evidential bearing upon the first. And, further, the question was whether the tram cars had been properly prepared for shipment. We think it cannot be said that there was no conflict in the evidence on these points. Charge 6, requested by the appellant, was properly refused because it did not adequately deal with this phase of the case. It omitted all consideration of the charged negligence in preparing the cars for shipment as the cause of the defects. A charge need not undertake to deal with the whole case. It may state the law applicable to a phase of the case, if it does not make the whole case turn upon it; but the phase stated must be adequately stated, and stated without omissions which may lead the jury to infer erroneously that the omitted facts are of no consequence. This charge was defective for that the jury might have inferred from it that the question of delivery was not to be affected by the evidence of negilgent preparation for the shipment and defects ensuing in consequence thereof.

We have said enough to indicate our views of those assignments of error which have been argued by counsel.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.