155 So.2d 595

Orlander TAYLOR

v.

STATE of Alabama ex rel. Forrest L. ADAMS, as Solicitor.

4 Div. 167.

Supreme Court of Alabama.

Aug. 1, 1963.

J. Hubert Farmer and W. G. Hardwick, Dothan, for appellant.

Richmond M. Flowers, Atty. Gen., and Joe Breck Gantt, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

Appeal from a decree permanently enjoining appellant from operating a beer tavern as a public nuisance and an order padlocking the premises for a period of twelve months.

On November 27, 1962, the Circuit Solicitor of Houston County filed a bill seeking to enjoin appellant, Orlander Taylor, a beer tavern operator, from conducting his beer tavern as a public nuisance, under Tit. 29, § 141 et seq., Code 1940. The solicitor also filed a companion case involving appellant's brother, Leander Taylor, who was operating the 711 Club, which adjoined appellant's club, the two clubs being connected by an open door. Soon after the filing of the bills, Leander Taylor closed the 711 Club and began to work for respondent. It was stipulated that the cases against both Leander Taylor and Orlander Taylor were consolidated but only Orlander Taylor has appealed.

Temporary injunctive relief was granted and the cause was heard on February 21, 1963, after appellant denied by answer the material allegations of the bill. The final decree was rendered on February 25, motion for rehearing was denied and this appeal followed.

Appellant raises two points by his assignments of error. The first is that the evidence was insufficient to support the part of the decree permanently enjoining the operation of the tavern as a public nuisance.

We think the following evidence is sufficient to sustain the finding that the premises were a public nuisance. During the nighttime hours numerous persons were observed to be drunk in and about appellant's place of business including men and women. Children were observed going in and out of appellant's tavern at all hours of the night and early morning hours and a number of teenagers were observed to be drinking beer in front of appellant's place of business. On at least one occasion it is shown that a minor was served beer in the establishment. Numerous persons were observed from a public street, urinating in open view outside the beer tavern. On numerous occasions customers were observed drunk inside the beer tavern; patrons were observed walking in and out of the beer tavern with open cans of beer, and many persons observed to be visibly drunk were served cans of beer. Loud, boisterous and obscene language was common to the patrons, even when women and girls were present, and could be heard some distance away from the premises. Gambling was observed in a beer tavern, known as the 711 Club, operated by the brother of appellant, and the 711 Club adjoined the 52 Club by an open door.

The evidence was ore tenus, and when such is the case, the conclusion is like unto the verdict of a jury and will not be disturbed by this court unless contrary to the great weight of the evidence, and this rule applies to cases where alleged liquor nuisances are sought to be abated. Thompson v. State, 267 Ala. 22, 99 So.2d 198; Espey v. State, 268 Ala. 109, 105 So.2d 93; Harvell v. State, 235 Ala. 329, 179 So. 233.

The other point raised by the assignments of error is that even though it be held that the evidence was sufficient to support the injunction, the court erred in ordering the padlocking of the premises because the operator was not the owner.

The bill did not allege that appellant was the owner of the premises but merely the operator, manager or keeper. The operator or keeper of a public nuisance may be enjoined either with or without making the owner a party. Tit. 29, § 145, Code 1940.

Here, the first time any evidence of the identity of the owner was presented was on the motion for rehearing when appellant alleged that the owner was Mike Saliba;

**432**

that he, appellant, wished to return the building to Saliba unfettered by or with the injunction; and there was filed an affidavit of Saliba that he was the owner of the building.

We think the court correctly handled this contention. He said in the opinion on rehearing:

"It is the opinion of the Court that the owner might be entitled, upon proper application to the Court, to have the premises delivered to him, but nowhere in the proceedings has it been made known to the Court that the owner of the said property is entitled to its immediate possession or that he desires immediate possession of the premises involved, * * *."

The owner was not a party to the instant proceeding. There was no evidence as to whether or not the owner had "knowingly assented to the keeping or maintaining of such nuisance on the premises." Tit. 29, § 145, Code 1940. There was no petition by the owner to intervene, and there was no reason to adjudicate the rights of the owner under a simple affidavit filed on motion for rehearing that he was the owner of the premises. This is not a case where the bill was against the owner, or where he intervened, or where, as in Joiner v. State, 232 Ala. 522, 168 So. 885, the illegal use of the property was with the knowledge, assent and connivance of the owner.

 Here, the owner can have his day in court if he so desires, but appellant is not entitled to claim error by the court on account of possible injury to one not complaining and not a party to the suit. It has long been the law that a decree, however erroneous on account of parties in interest not being brought into the court below, will not be reversed on appeal as long as the decree is regular as to the parties taking the appeal. Bumpass v. Webb, 4 Porter 65, 29 Am.Dec. 274; Eslava v. Farley, 72 Ala. 214; Butterworth & Lowe v. Cathcart, 168 Ala. 262, 52 So. 896; Dunn v. Ponceler, 239 Ala. 53, 193 So. 723.

The decree of the circuit court in the instant case being regular and valid as to appellant is due to be affirmed. We are not to be understood as intimating that the decree before us is erroneous but the cited rule of law would apply even if it were.

One of appellant's assignments of error is that the court erred in denying the motion for a rehearing. A decree denying an application for rehearing in equity will not support an appeal; nor is such a decree subject to review on assignment of error on appeal from the final decree. Equity Rule 62, Code 1940; N.A.A.C.P. v. State, 274 Ala. 544, 150 So.2d 677, and cases there cited.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.