322 So.2d 726

**In re Babette Lee STROUSSE**

**v.**

**Jacques STROUSSE.**

**Ex parte Babette Lee Strousse BASCH.**

**Civ. 650.**

Court of Civil Appeals of Alabama.

Nov. 19, 1975.

James R. Davis, Birmingham, James & Lowe, Haleyville, for petitioner.

Whitesell & Gordon, Montgomery, for respondent.

HOLMES, Judge.

This is a petition for writ of prohibition or other appropriate relief to be directed to the Judge of the Winston County Court of Law and Equity. This court is called upon to prohibit the trial court from allowing further hearings to be held.

The dispositive issue is whether the intervenor's motion to intervene was timely filed. We answer in the affirmative and the writ is denied.

The pertinent facts appear to be as follows:

Petitioner, Babette Lee Strousse Basch, purportedly married intervenor, Harold Basch, in 1966. Sometime thereafter (apparently in 1973 or 1974) Harold Basch instituted an action in Pennsylvania to annul his marriage to petitioner, Babette Lee Strousse Basch. His action was bottomed on the premise that petitioner was at the time of her marriage to him the lawful spouse of one Jacques Strousse.

In March of 1974, petitioner, Babette Basch, made application for the substitution of lost judicial records. This application alleged that petitioner and Jacques Strousse were divorced by decree of the Winston County Court of Law and Equity on March 26, 1964; that said record of the proceedings, including the decree, have been lost, misplaced, or destroyed. The petitioner offered to reinstate the records by substituting copies in her possession. This application for the substitution of records was done pursuant to Tit. 7, § 10, Code of Ala. 1940. The Law and Equity Court of Winston County, on May 29, 1974, granted the petitioner relief and substituted the records.

On June 27, 1974, the intervenor, Harold Basch, filed with the Law and Equity Court of Winston County an untitled motion. This motion asked the trial court to set aside its May 29, 1974, order of substitution and allow Basch to intervene.

On the first day of August 1974, Harold Basch filed with the trial court a designated motion to intervene. He alleged in documents accompanying his petition for intervention that the documents substituted

by Babette Basch were never part of the official records of this court.

In September of 1974, the sixth day thereof, the trial court, after a hearing verbally, ruled as follows:

"(a) That the Final Decree of May 29, 1974 was set aside;

"(b) That your Petitioner's Motion to Stay Discovery, and Motion to Strike the Motion to Invervene filed by Harold Basch, Jr., were overruled;

"(c) That the motion to Intervene filed by Harold Basch, Jr. was granted and he would be considered a Third Party in the cause."

The above was done in open court and transcribed by the court reported. Thereafter, in October of 1975, after rule *nisi* from this court, the above mentioned oral order was reduced to writing by the learned trial judge.

Able counsel for petitioner urges that the trial judge erred in permitting the intervention of Harold Basch. We disagree.

Rule 24(a)(2), ARCP, provides as follows:

"Upon timely application, anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Suffice it to say that, to this court, the facts as outlined earlier in this opinion clearly indicate that Harold Basch falls within the ambit of Rule 24(a)(2). Put another way, to allow the substitution of the records could well defeat his annulment action previously filed in Pennsylvan-

ia, as the Pennsylvania action was bottomed on the premise that petitioner was married to Jacques Strousse at the time she purportedly married intervenor, Basch.

Therefore, the question then becomes whether the intervention motion is timely in that it was filed after judgment.

We should here point out that to this court the untitled motion of June 27, 1975, is in effect a motion to intervene and the August 1, 1974, motion is, again in effect, an amendment to the June 27 motion. Specifically, the June 27 motion contains the following language:

"(c) That your Petitioner has a right to intervene in this matter under the rules of Civil Procedure in that he entered into a purported marriage with Babette Lee Strousse thinking that she was a divorced woman and a proceeding is now pending in another state and he has discovered that the said Babette Lee Strousse was never divorced from Jacques Strousse because she never obtained any such divorce ·in Winston County, Alabama."

It is a well known principle of law that judgments and decrees rest in the breast of the trial court for thirty days, during which thirty day period the court may at any time set aside and vacate such judgments and decrees. *Brand v. State,* 242 Ala. 15, 6 So.2d 446. We therefore find no error in the trial court's action. It is clear to this court that the petition to intervene was filed within thirty days. The fact that the trial court did not act within thirty days after the judgment of May 29 would, in this instance, be of no import.

While intervention after judgment is not favored, the Fifth Circuit Court of Appeals in *McDonald v. E. J. Lavino Company,* 430 F.2d 1065, 1071, a case wherein intervention was allowed, makes the following statement:

"Since the rule itself is silent concerning what constitutes a timely application,

it has long been held that the determination of timeliness is a matter committed to the sound discretion of the trial court. *Smith Petroleum Service, Inc. v. Monsanto Chemical Co.,* supra, [5 Cir.], 420 F.2d [1103] at 1115; *Lumbermens Mutual Casualty Co. v. Rhodes,* 10 Cir. 1968, 403 F.2d 2, 5, cert. denied, 394 U.S. 965, 89 S.Ct. 1319, 22 L.Ed.2d 567; *Washington Gas Light Co. v. Baker,* 1951, 90 U.S.App.D.C. 98, 195 F.2d 29, 32; *Simms v. Andrews,* 10 Cir. 1941, 118 F.2d 803, 806. . . ."

Of further enlightenment is the following also found in *McDonald, supra.*

" 'Timeliness' is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating fexibility toward both the court and the litigants if it is to be successfully emplayed to regulate intervention in the interest of justice. . . . 'the privilege of intervention stems from a desire to protect the rights of unrepresented third parties, it becomes apparent that the timely application requirement under Rule 24 was not intended to punish an intervenor for not acting more promptly but rather was designed to insure that the original parties should not be prejudiced by the intervener's failure to apply sooner.' . . ." (430 F.2d at 1074)

The court in *McDonald, supra,* points out that in considering timeliness of the intervention Rule 1 of the Federal Rules of Civil Procedure should be kept in mind. Rule 1 of both the Federal and Alabama Rules provides that the rules "shall be construed to secure the just, speedy and inexpensive determination of every action." This court adheres to that principle. See also Wright and Miller *Practice and Procedure* Vol. 7A, § 1916.

While *McDonald, supra,* is authority for allowing intervention after judgment, see also *Sec. and Ex Com. v. U. S. Realty and Improvement Co.,* 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293; *Cuthill v. Ortman-Miller Machine Company,* 7 Cir., 216 F.2d 336; *Liston v. Butler,* 4 Ariz.App. 460, 421 P.2d 542; *Monroe v. Pape,* D.C., 221 F. Supp. 635.

Keeping in mind the unique facts of this case, we therefore find, in this instance, where the motion to intervene was filed within less than thirty days after judgment, where intervenor was not personally served (as was the case here), where no apparent prejudice occurs to petitioner since the effect of granting the intervention will only be to make the application to substitute the records an adversary proceeding, the trial court did not abuse its discretion in allowing the intervention.

Writ denied.

WRIGHT, P. J., and BRADLEY, J., concur.