The plaintiff sued the defendants for approximately $5,000 allegedly due on a contract. The trial court entered a judgment for defendants. The plaintiff appeals and we affirm
The trial court in its decree states the case was submitted to the court "on stipulation of attorneys for plaintiff and *Page 989 
defendants. . . ." There is no stipulation contained in the record before this court
In any event, this court has carefully read the briefs of both counsel. Additionally, we have perused the record. The state of the record is such that this court cannot determine what theory the case was tried on, what proof was offered, or even what facts were heard or considered by the trial court
This court must look only to the record for the evidence and cannot consider evidence outside the record. Mauldin vMauldin, 399 So.2d 858 (Ala.Civ.App. 1981), and cases cited therein. Errors, if any, committed below must be affirmatively demonstrated by the record before the Court of Civil AppealsSummerlin v. Bowden, 353 So.2d 1175 (Ala.Civ.App. 1978). If the record does not disclose the facts upon which the alleged error is based, such error may not be considered on appeal. Clevengerv. State, 369 So.2d 563 (Ala.Civ.App. 1979)
Since the record before this court does not affirmatively demonstrate the alleged errors, factual or otherwise, the alleged errors cannot be considered
The case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur