This is an appeal from an order made final by the trial court denying the appellants' motion to conditionally intervene after the trial court had entered a summary judgment for the plaintiff in the underlying suit. The appellants present the following issues: 1) whether the trial court properly entered summary judgment in favor of First National Bank of Jasper; 2) whether the trial court should have added the appellants as parties pursuant to Rule 19, Ala.R.Civ.P.; and 3) whether the trial court properly denied the appellants' motion to conditionally *Page 271 
intervene. The facts and corresponding dates of events are as follows:
March 27, 1989 The First National Bank of Jasper (hereinafter referred to as "the Bank") filed a complaint in the Circuit Court of Walker County, Alabama, alleging that Billy F. Brand d/b/a Brand Motor Company (hereinafter referred to as "Brand") had breached his contract with the Bank. The Bank sought from Brand money damages and possession of the used automobiles on Brand's lot pursuant to Rule 64, Ala.R.Civ.P., which provides for seizure of property by judicial process. That same day, the trial court issued an order authorizing the Bank to seize the automobiles on Brand's lot in which the Bank had a security interest.
March 28, 1989 The appellants, Billy J. Duncan and Garve Ivey, Sr., filed a conversion action in the trial court, alleging that some of the cars the Bank had seized belonged to them and not to Brand. Also, on that day, Brand moved to dissolve the order for writ of seizure, stating that many of the automobiles seized belonged to persons other than himself, and further that the Bank had not yet established the amount of Brand's indebtedness to the Bank.
March 29, 1989 The trial court denied Brand's motion to dissolve the order, and Duncan and Ivey subsequently dismissed their conversion action against the Bank without prejudice.
May 3, 1989 Duncan filed another conversion action in the United States District Court for the Northern District of Alabama, Jasper Division, in case CV-89-HM-0775-J, alleging a denial of due process, a denial of equal protection under the law, and conversion against First National Bank of Jasper, et al.
July 24, 1989 Duncan filed, pursuant to Rule 41, F.R.Civ.P., a notice of dismissal of the federal court action, with prejudice.
July 27, 1989 The federal action was dismissed with prejudice.
August 29, 1989 The federal district court denied Duncan's amended notice of dismissal of the federal action, which sought to reinstate the conversion claim.
September 25, 1989 The Bank filed a motion for summary judgment.
October 10, 1989 The trial judge granted the Bank's motion for summary judgment.
October 13, 1989 Duncan and Ivey filed their motion for conditional intervention.
November 14, 1989 The trial judge denied Duncan and Ivey's motion with a written order.[1] *Page 272 
November 28, 1989 Duncan and Ivey appealed from the order of November 14, 1989.
Duncan and Ivey initially submit that the trial court should not have granted the Bank's motion for summary judgment because they argue, in doing so, it determined the substantive rights of persons who were not parties to the Bank's suit against Brand. They state that, from Brand's pleadings and affidavits, the trial court was on notice during the entire litigation that Brand was in the business of selling the automobiles of others and that many of the automobiles seized by the Bank did not belong to Brand. In other words, the appellants maintain that the trial court ignored their ownership interest in certain automobiles on Brand's lot when it granted the Bank's motion for summary judgment.
The appellants also contend that the trial court erred in denying their motion for conditional intervention. They argue that the trial court should have included them as real parties in interest necessary to an adjudication of the issues, and in support of their argument cite the provisions of Rule 19, Ala.R.Civ.P., maintaining that rule requires the trial court to order that necessary parties be added to the action if they have not been joined. They argue that Rule 19(c) requires the plaintiff to state the names of those parties who by Rule 19(a) and (b) are required to be joined but who have not been joined and the reason for not joining those parties. Appellants finally claim that Rule 24, Ala.R.Civ.P., allows them the right to intervene. We will address each argument.
 I. Whether the trial court properly granted the Bank's motion for summary judgment.
Although appellants do not have the necessary standing to question the propriety of the trial court's entry of summary judgment, we nonetheless discuss this issue in an attempt to make clearer the circumstances surrounding this appeal. Summary judgment is proper when the moving party has demonstrated that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Rule 56(c),Ala.R.Civ.P.; Southern Guar. Ins. Co. v. First Alabama Bank,540 So.2d 732 (Ala. 1989); Gallups v. Cotter, 534 So.2d 585
(Ala. 1988). In the present case, the trial court determined that the Bank was entitled to a summary judgment as to its claim against Brand. Neither Brand nor the Bank has appealed. Although the appellants may have an interest in the subject matter of the Bank's claim against Brand, the trial court was not asked to and did not find it necessary to adjudicate any claims involving the appellants and, consequently, made its ruling based on the pleadings before it.[2] *Page 273 
The appellants, of course, were not parties to the litigation at the time the trial court granted the Bank's motion for summary judgment against Brand. As we understand the argument made by the appellants, they maintain that the trial court should not have granted the Bank's motion for summary judgment because, they say, the record contained evidence that showed their interest in the controversy, and that the court should have allowed their intervention in the action in order to protect their interest. The appellants, therefore, appeal from the trial court's order denying their motion to intervene, claiming that they have a right to question the propriety of the trial court's summary judgment, even though they were not parties to the action between the Bank and Brand. Alabama cases hold that one who is not a party to an action may not appeal from a judgment entered in that action.[3] We therefore hold that the appellants were not parties to the cause and therefore have no standing to raise the propriety of the summary judgment for the Bank.
II. Whether the trial court improperly failed to add the appellants as indispensable parties pursuant to Rule 19, Ala.R.Civ.P.
The appellants argue that the trial court erred by failing to add them as indispensable parties to the suit between the Bank and Brand. They contend that they were indispensable parties under Rule 19, Ala.R.Civ.P., as persons whose rights were adversely affected by the judgment entered. We disagree.
This Court has stated:
 " 'It is [the] plaintiff's duty to join as a party anyone required to [be] joined. . . . If such persons are not joined, the plaintiff must, under subsection (c) of Rule 19, [Ala.R.Civ.P], state their names and the reasons why they are not joined. If there is a failure to join a person needed for just adjudication by a litigant, then, under subsection (a) of Rule 19, the trial court shall order that he be made a party.
 " 'However, failure of the plaintiff or the trial court to add a necessary and indispensable party, and of the defendant to raise the absence of such party in his or her pleadings, does not necessarily dispose of the issue. This defect can be raised for the first time on appeal by the parties or by the appellate court ex mero motu. Mead Corp. v. [City of] Birmingham, 350 So.2d 419
(Ala. 1977); Davis v. Burnette, 341 So.2d 118 (Ala. 1976)' "
Long v. Vielle, 549 So.2d 968, 972 (Ala. 1989), quoting J.C.Jacobs Banking Co. v. Campbell, 406 So.2d 834, 849-50
(Ala. 1981) (emphasis added in Long.)
In the instant case, the facts reveal that neither party to the suit has appealed or requested the trial court or this Court to add the appellants as parties. Furthermore, after a review of the present circumstances, we do not feel constrained to raise the issue for the appellants ex mero motu.
The evidence is undisputed that the appellants had knowledge of the Bank's claim against Brand for seven months prior to the trial court's ruling. In fact, although it was later voluntarily dismissed, the appellants filed a conversion action against the Bank the day after the Bank filed its complaint against Brand. The appellants easily could have filed a timely motion to intervene or could have consolidated their conversion action with the Bank's action against Brand. The trial court wrote the *Page 274 
following in its order denying the appellants' untimely motion:
 "It is clear to this Court that [the appellants] and their attorneys had full knowledge of the existence of this case since filing, and made a conscious and informed decision not to intervene or to pursue their claims in a separate action which could have been consolidated with this action. This Court will not speculate as to why [the appellants] chose this course of action."
In Long, supra, this Court quoted the Court of Civil Appeals, which stated the following in Moody v. Moody, 339 So.2d 1030,1034 (Ala.Civ.App.), cert. denied, 339 So.2d 1035 (Ala. 1976):
 " 'A close examination of Rule 19, [Ala.R.Civ.P.], implies that a person should be joined as a party, in the first instance, if he is absent and [if] the failure to so join is prejudicial to such person.' "
549 So.2d at 973.
Although we do not question that the appellants may have had an interest in the object of the Bank's suit against Brand, we are constrained to hold that the appellants had the opportunity to be heard, yet failed to file a motion to intervene until after the trial court had entered a summary judgment in favor of the Bank.[4] This motion was clearly untimely and thus the decision to disallow it rested within the trial court's discretion.
 III. Whether the trial court properly denied the appellants' motion to intervene as untimely.
While the rules governing intervention and joinder are similar, they are distinguishable. Joinder, under Rule 19, Ala.R.Civ.P., is a method by which one may be compelled to become a party. Intervention, under Rule 24, Ala.R.Civ.P., is a method by which an outsider with an interest in a lawsuit may come in as a party on his own application. Randolph County v.Thompson, 502 So.2d 357, 362 (Ala. 1987); Ex parte Howell,447 So.2d 661 (Ala. 1984).
The appellants argue that they were entitled to intervene pursuant to Rule 24(a), Ala.R.Civ.P., which states in relevant part:
 "Upon timely application, anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Our first inquiry is whether the appellants claim a sufficient interest relating to the property that is the subject of the Bank's claim. The intervenor must have a direct, substantial, and legally protectable interest in the proceeding. Randolph County, supra; United States v. PerryCounty Board of Education, 567 F.2d 277 (5th Cir. 1978). The appellants claim that they have ownership interests in certain automobiles that have been seized by the Bank. The trial court determined, however, that the automobiles claimed by the appellants were located on Brand's business premises; that Brand did business in goods of the kind described; and that the appellants had failed to produce any evidence that they owned any of the automobiles seized by the Bank. As we have already stated, the appellants are precluded from appealing the trial court's summary judgment, as they were not parties to the suit.
Regardless of whether the appellants claim a sufficient interest, Rule 24 requires that any motion to intervene be "timely." It has long been held that the determination of timeliness is a matter committed to the sound discretion of the trial court. Randolph County, supra, at 364. See Strousse v.Strousse, 56 Ala. App. 436, 322 So.2d 726 (1975). See alsoMcDonald v. *Page 275 E.J. Lavino Co., 430 F.2d 1065, 1072 (5th Cir. 1970).
Although a person may be seriously harmed if he is not permitted to intervene, motions for intervention after judgment have not been favored. The trial court denied the motion to intervene in McDonald, supra, and the appellate court stated:
 "Allowing intervention after judgment will either (1) prejudice the rights of the existing parties to the litigation or (2) substantially interfere with the orderly process of the court."
430 F.2d at 1072.
This Court has regularly disallowed such motions because of untimeliness. See Crossfield v. Allen, 494 So.2d 21 (Ala. 1986); Campbell v. City of Attalla, 282 Ala. 9, 208 So.2d 209
(1968); Ex parte Jefferson Cablevision Corp., 281 Ala. 657,207 So.2d 132 (1968); Pruett v. Ralston Purina Co., 273 Ala. 594,143 So.2d 309 (1962).
The facts in this case indicate that the appellants had knowledge of the suit filed by the Bank against Brand seven months prior to the trial court's decision to enter summary judgment. Thus, the trial court properly denied the appellants' motion to intervene as untimely.
For the foregoing reasons, we conclude that the trial court did not err in denying Duncan and Ivey's motion for conditional intervention. The order of the trial court denying that motion is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] The order of the trial judge reads as follows:
 "This cause was presented for oral argument on October 24, 1989 upon the Motion for Conditional Intervention and Motion to Vacate Judgment filed by Billy J. Duncan and Garve Ivey, Sr. (hereinafter "Petitioners"). This Motion is directed to the Court's Order of October 10, 1989, in which Summary Judgment was granted in favor of the Plaintiff, First National Bank of Jasper.
 "Present in Court were Hon. David Hood, Attorney for Plaintiff, Mr. Billy F. Brand, appearing Pro Se, and Hon. Tom Bowron, Attorney for Petitioner. Oral arguments of counsel were heard and the attorneys were permitted to file written briefs in support of their respective positions.
 "Petitioners are attempting to intervene in a case in which a final Order has been issued and further to make direct attack upon the Order itself. A non-party may not make a direct attack upon any action of the Court, so unless Petitioners are allowed to intervene at this time, any direct attack would be irrelevant. Therefore, the issue at this time is whether Petitioners will be allowed to intervene.
 "The Court takes note that this case was originally filed on March 27, 1989, and that on the following day, March 28, 1989, these same Petitioners brought an action in this Court seeking possession of certain of the vehicles that had been seized by First National Bank. This action could have been consolidated with the present case on Motion of either party or by the Court. However, Petitioners dismissed their subsequently filed case two days later under A.R.C.P. 41. Further, Petitioner Duncan subsequently brought an action in Federal Court concerning the same subject matter, which he subsequently dismissed with prejudice. The present case has been pending for some seven months without any further action on the part of either Petitioner Ivey or Petitioner Duncan. It is undisputed that both the parties and their attorneys had full knowledge of these proceedings since their inception.
 "Petitioners now argue that they should be allowed to intervene after Summary Judgment has been entered. Both Rule 24(a) and 24(b), A.R.C.P., require 'timely' application. What is timely depends upon the nature of the action and is necessarily committed to the sound discretion of the trial Court. It is obvious from the facts stated above that Petitioners chose to be non-participants in this action and that intervention at this time is untimely.
 "Petitioners further argue that Plaintiff was required to join them as parties in this action under Rule 19, A.R.C.P., against Bill Brand and Bill Brand Motors without joinder of either Petitioner, and Petitioners' own actions in the filing and subsequent dismissal of their cases(s) indicate that they do not claim an interest relating to the subject matter of this action, or if so, do not wish to be included as parties.
 "It is further noted that under Rule 41, A.R.C.P., a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any Court of Alabama, or of the United States, or of any state, an action based on or including the same claim.
 "It is clear to this Court that both Petitioner Ivey and Petitioner Duncan and their attorneys had full knowledge of the existence of this case since filing, and made a conscious and informed decision not to intervene or to pursue their claims in a separate action which could have been consolidated with this action. This Court will not speculate as to why Petitioners chose this course of action.
 "IT IS THEREFORE THE ORDER, JUDGMENT AND DECREE OF THIS COURT that the Petition for Conditional Intervention and Motion to Vacate Judgment filed by Billy J. Duncan and Garve Ivey, Sr. is DENIED."
[2] The appellants are not seeking to have the summary judgment against Brand set aside. In essence, the appellants are not appealing from the summary judgment as it applies to Brand and to the contractual issues between Brand and the Bank. Indeed, Brand admitted the Bank's claims against him.
[3] See, e.g., Sho-Me Lodges, Inc. v. Jehle-Slauson Constr. Co.,466 So.2d 83 (Ala. 1985); Peterson v. Hamilton, 286 Ala. 49,237 So.2d 100 (1970); Taylor v. State ex rel. Adams, 275 Ala. 430,155 So.2d 595 (1963); Security Life Accident Insurance Co. v.Crescent Realty Co., 273 Ala. 624, 143 So.2d 441 (1962); Pakev. Leinkauf Banking Co., 186 Ala. 307, 65 So. 139 (1914);Hunt v. Houtz, 62 Ala. 36 (1878).
In Taylor, supra, this Court affirmed, stating:
 "The owner was not a party to the instant proceeding. . . . There was no petition by the owner to intervene, and there was no reason to adjudicate the rights of the owner under a simple affidavit filed on motion for rehearing that he was the owner of the premises. This is not a case where the bill was against the owner, or where he intervened. . . ."
275 Ala. at 432, 155 So.2d at 597.
[4] The trial court, in its memorandum opinion and order noted that "[the appellants' conversion action filed on March 28, 1989,] could have been consolidated with the present case on Motion of either party or by the Court."