C.B. Root and Glen Air Trust, acting by and through its sole trustee, James F. Root, appeal from the trial court's order denying their motion to intervene.[1] We affirm. *Page 1052 
In 1983, the City of Mobile ("the City") entered into a contract with Midsouth Land Company, Inc. ("Midsouth"), for the joint development of approximately 35 acres of land in the City's downtown area. Subsequently, Midsouth sold part of its interest in the project to C.B. Root. The contract between Midsouth and C.B. Root provided, in pertinent part, as follows:
 "In all of its dealings with the City of Mobile with respect to the [contract between the City and Midsouth], Midsouth shall have the express power and authority to act for and in behalf of [C.B. Root] as if it were the sole owner of [the contract]. . . ."
Thereafter, the contract between Midsouth and C.B. Root was amended to reflect that Root had assigned all of his interest in the project to the Glen Air Trust ("the Trust"). This amendment effectively substituted the Trust in the place of C.B. Root in the contract that was originally executed by C.B. Root and Midsouth.
On November 4, 1990, the City sued Midsouth, alleging that Midsouth had failed to perform under the contract between Midsouth and the City and seeking a judgment rescinding that contract on the ground of nonperformance. Midsouth answered the complaint, raising certain affirmative defenses, and filed a counterclaim, alleging that the City had breached the contract and seeking, alternatively, specific performance by the City, damages for breach of contract, or an extension of time for performance. The City answered the counterclaim, raising certain affirmative defenses of its own. The case was initially scheduled for trial on May 29, 1991, but was later rescheduled for September 25, 1991. On September 13, 1991, C.B. Root and the Trust, acting by and through its sole trustee, James F. Root, filed a motion to postpone the trial for "at least" 90 days and a motion to intervene in the action, pursuant to Rule 24(a)(2), Ala.R.Civ.P. The trial court denied both motions, stating, in pertinent part, as follows:
 "The applicants' motion to intervene is governed by Ala.R.Civ.P. 24(a), which, among other things, allows for intervention of right 'upon timely application,' where the party seeking intervention has an interest in the transaction which is the subject of the action, 'unless the applicant's interest is adequately represented by existing parties.' The applicants' motion was not timely filed. Applicants' interest in the subject transaction is adequately represented by defendant Midsouth Land Company.
 "The applicants' motion to intervene was filed more than 10 months after this action was filed, after significant discovery, and less than two weeks before [the] scheduled trial date. The motion is therefore not timely. Additionally, the applicants' interest in the subject transaction is adequately represented by defendant Midsouth Land Company. The applicants' interest is nearly identical to that of the defendant, [Midsouth,] and counsel for [Midsouth] is fully capable of both defending this action and prosecuting its counterclaim."
This appeal followed.[2]
Generally a ruling on a motion to intervene is within the sound discretion of the trial court and will not be disturbed on appeal unless there is an abuse of discretion. Dearmon v.Dearmon, 492 So.2d 1004 (Ala. 1986). See, also, Randolph Countyv. Thompson, 502 So.2d 357, 364 (Ala. 1987), wherein this Court specifically noted that a trial court's ruling with respect to the timeliness of a motion to intervene is governed by an abuse-of-discretion standard:
 "Since the rule, itself, is silent concerning what constitutes a 'timely application,' it has long been held that the determination of timeliness is a matter committed to the sound discretion of the trial court. See Strousse v. Strousse, 56 Ala. App. 436, 322 So.2d 726 (1975). See also McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1072 (5th Cir. 1970)." *Page 1053 
Therefore, the dispositive issue in this case is whether the trial court abused its discretion in denying the motion to intervene.
Initially, we note the argument of C.B. Root and the Trust that Rule 19, Ala.R.Civ.P., requires that they be allowed to intervene. While the rules governing intervention and joinder are somewhat similar, they have different fields of operation. Intervention is a method by which an outsider with an interest in an action may come into the action as a party on his own application. Ex parte Howell, 447 So.2d 661 (Ala. 1984). However, joinder is a method by which one may be compelled to become a party. See Randolph County, supra, at 362. Whether C.B. Root and the Trust must be joined in this action pursuant to Rule 19 is not before us on this appeal. Our focus is solely on Rule 24(a)(2), which allows for intervention as a matter of right.
Rule 24(a) provides:
 "Upon timely application, anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
The purpose of Rule 24 is to anticipate future litigation, to discourage a multiplicity of lawsuits, and to relieve the intervenor from the possible prejudice of stare decisis in subsequent litigation involving the same questions of law and fact. Thus, as a general proposition, Rule 24 is to be liberally construed to allow intervention. Alabama FederalSavings Loan Ass'n v. Howard, 534 So.2d 609 (Ala. 1988). Even so, Rule 24(a)(2) clearly allows one to intervene of right in an action only if the would-be intervenor has an interest, relating to the property or transaction that is the subject of the action, that needs protecting; if a timely motion to intervene is filed; and if the would-be intervenor's interest is not adequately represented by existing parties to the action. As previously noted, because the rule itself is silent concerning what constitutes a "timely application," it has long been held that the determination of timeliness is a matter peculiarly within the sound discretion of the trial court. In exercising its discretion in this regard, the trial court must take into consideration that in a situation where intervention is sought as a matter of right, the interest of the would-be intervenor may be seriously prejudiced if he is not allowed to participate in the action. Additionally, the trial court must be mindful of the fact that the "timely application" requirement of Rule 24 was not intended to punish a would-be intervenor for not acting more promptly, but rather was designed to ensure that the original parties would not be prejudiced by the would-be intervenor's failure to apply sooner. Randolph County, supra.
In the present case, the record indicates that C.B. Root divested himself of any interest in the development project when he assigned all of his interest to the Trust. Although the trial court did not mention this in its order, it would appear that C.B. Root did not have a sufficient interest in the "property or transaction which is the subject of the action" to authorize him to intervene. In any event, the trial court held that the motion to intervene was not timely. Specifically, it found that the motion was filed more than 10 months after the action was filed by the City, after significant discovery had taken place, and less than two weeks before the scheduled trial date. In addition, the trial court found that the interests of the Trust are "nearly identical" to those of Midsouth and, therefore, concluded that Midsouth would adequately represent the Trust's interests. We conclude that these findings are supported by the record and that the trial court did not abuse its discretion in denying the motion. Although the Trust has a significant interest in the outcome of this litigation, we agree with the trial court's implicit finding that the granting of the motion to intervene would, under the circumstances of this case, do nothing more than cause an unnecessary delay that would work to the prejudice of the City. Midsouth has a contractual duty to represent the Trust's interests in the action, and there is no indication *Page 1054 
in the record that Midsouth cannot protect the Trust's interests by defending against the City's allegations and prosecuting its counterclaim. This fact is made even clearer by the following statement that appears in the brief filed with this Court by C.B. Root and the Trust:
 "The motion to intervene also has attached to it the proposed answer of the intervenor-defendants, with affirmative defenses and with a counterclaim setting forth three causes of action, which answer, affirmative defenses, and counterclaim are all substantially the same as the comparable pleadings filed by Midsouth in response to the complaint."
(Emphasis added.)
For the foregoing reasons, we hold that the trial court did not abuse its discretion in denying the motion to intervene and, therefore, that the trial court's order is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] An order denying a motion to intervene as of right is an appealable order. Alabama Federal Savings Loan Ass'n v.Howard, 534 So.2d 609 (Ala. 1988).
[2] The trial court rescheduled the trial for February 18, 1992. We granted the City's motion to expedite this appeal so that the parties could meet that trial date.