CRAWLEY, Judge.
In 1992, the Alabama Department of Environmental Management (“ADEM”) issued a solid-waste-disposal permit to Colbert County. Jerry James requested an administrative hearing before the Alabama Environmental Management Commission (the “Commission”) to contest the issuance of the permit. After a hearing conducted in June 1992, the hearing officer recommended that the Commission approve the *278 permit. The Commission adopted the hearing officer’s recommendation and approved the permit.
James then appealed to the Circuit Court of Colbert County. The case was remanded to the Commission twice, once for inclusion of certain evidentiary material omitted from the record and once to allow the Commission to offer additional evidence. After considering the additional evidence, the hearing officer again recommended that the Commission approve the permit. Again, the hearing officer’s recommendation was adopted by the Commission.
After considering the administrative record, the trial court reversed the Commission’s order approving ADEM’s issuance of the permit. In its order, the trial court indicated that the evidence at the administrative hearing did not support the hearing officer’s conclusion that the site for the landfill was geologically suitable and indicated that, given past violations at another landfill, it thought the county could not properly manage the landfill. The court specifically referred to the possible contamination of Spring Creek by leachate allowed to run off from the other landfill, in violation of regulations governing landfill operations. The judgment also stated that the potential that unsuitable wastes would be disposed of at the landfill posed too great a risk of environmental harm, in light of what the court considered the geological instability of the site.
After the judgment was entered, the Colbert County Commission (the “County”) and the Shoals Solid Waste Disposal Authority (the “Authority”) filed, among other things, a motion to intervene in the action, arguing that they were necessary and indispensable parties to the action. The trial court denied the post-judgment motion to intervene. ADEM and the Commission appeal the trial court’s order reversing the approval of the permit. The County and the Authority appeal the trial court’s order denying their motion to intervene. We affirm both orders.
2971030 — ADEM and the Commission’s Appeal '
In their brief, ADEM and the Commission discuss at length the evidence concerning the violations at the other landfill and make much of the fact that the testimony of a former landfill employee characterizing some waste disposed of at the other landfill as “hazardous” was refuted by testimony from the chief of ADEM’s land division. Thus, they argue, the hearing officer’s determination that the permit should be approved was supported by substantial evidence. Indeed, the hearing officer’s decision on the issue of the past violations at the other landfill is supported by substantial evidence. However, the trial court also based its decision to reverse the approval of the permit on the geological unsuitability of the site of the landfill. None of the evidence about the suitability of the site appears in the record, because a portion of the administrative record relied upon by the trial court was “lost” by the circuit clerk.
In their brief, ADEM and the Commission suggest that the missing portions of the administrative record should have been provided to this court by James if he found those portions of the record necessary to support his position.[1] However, ADEM and the Commission, the appellants, and not James, the appellee, had the burden of supplying this court with a correct and complete record on appeal. Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990). James argues that, without a complete record for review, this court must presume that the missing portions of the administrative record support the trial court’s determination that the Commission’s award of the permit was not based on substantial evidence and that it was *279 arbitrary and capricious. See Starlite Lounge, Inc. v. Alcoholic Beverage Control Board, 603 So.2d 1107, 1109 (Ala.Civ.App.1992).
ADEM and the Commission argue that the presumption that the missing record supports the trial court’s findings applies only if the trial court affirms the agency’s action. As we understand their argument, ADEM and the Commission contend that the principle that this court will presume the trial court’s judgment is supported by the evidence in the missing administrative record runs counter to the statutorily mandated presumption that the agency’s decision is correct. See Ala.Code 1975, § 41-22-20(k); Starlite Lounge, 603 So.2d at 1109. We agree that the presumptions certainly appear to conflict. However, we need not decide if the principle in Starlite Lounge only applies in cases where the agency’s decision is affirmed by the trial court, because ADEM and the Commission carry the burden of affirmatively demonstrating error from the record on appeal. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988, 989 (Ala.Civ.App. 1981). Without the complete administrative record, we cannot determine if the trial court erred, as ADEM and the Commission argue it did. Therefore, we may not consider the alleged error on appeal and must affirm the trial court’s judgment. See Williams, 406 So.2d at 989.
29710S1 — The County and the Authority’s Appeal
The County and the Authority appeal from the trial court’s order denying their motion to intervene in the action. That motion was filed after the trial court had entered its judgment reversing the award of the permit. Under Rule 24, Ala. R. Civ. P., a motion to intervene must be “timely.” See also Duncan v. First Nat’l Bank of Jasper, 573 So.2d 270, 274-75 (Ala.1990). The determination of whether a motion to intervene is timely is within the sound discretion of the trial court. Duncan, 573 So.2d at 274. As our Supreme Court has stated, “motions for intervention after judgment have not been favored.” Id. at 275. Like those seeking to intervene in Duncan, the County and the Authority both knew of the litigation long before the trial court finally entered its judgment. See id. The trial court’s denial of the post-judgment motion to intervene can clearly be upheld on the basis that the motion was untimely. Id. Therefore, we cannot say that the trial court abused its discretion in denying the County and the Authority’s motion to intervene.
The County and the Authority also argue that they are necessary and indispensable parties, under Rule 19, Ala. R. Civ. P. The Duncan court also discussed the application of Rule 19 to parties who were aware of an action and yet chose not to take action to preserve their interests. Id. at 273-74. The parties seeking to intervene in Duncan “had knowledge of the [other party’s] claim ... for seven months prior to the trial court’s ruling.... [They] easily could have filed a timely motion to intervene.... ” Id. at 273. The supreme court concluded that “the [parties] had the opportunity to be heard, yet failed to file a motion to intervene until after the trial court had entered ... judgment .... ” Id. at 274. Such is the case here. Since 1992, the County and the Authority both had been aware of the ongoing challenge to the permit, yet they did not move to intervene until after the trial court had reversed the approval of the permit. Therefore, the trial court’s order denying intervention is affirmed.
2971030 — AFFIRMED.
2971031 — AFFIRMED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and THOMPSON, J., concur in the result.

. A copy of the administrative record apparently exists and is on file with the Commission.