HOUSTON, Justice.
Alabama Environmental Council, Inc., and Southern Alliance for Clean Energy, Inc., appeal the order of the Alabama Public Service Commission denying their requests to intervene in proceedings before the Commission regarding the consideration for approval of a residential rate rider proposed by Alabama Power Company. We dismiss the appeal.

I. Facts

On March 26, 2003, Alabama Power Company (“Alábama Power”) filed a proposed residential rate rider (“Rate Rider RE”) with the Alabama Public Service Commission (“the Commission”), pursuant to Ala.Code 1975, § 37-1-SKa).[1] The proposed Rate Rider RE gives residential customers of Alabama Power the option of paying an additional amount on their bills, which amount will be used to purchase renewable energy, defined in Rate Rider *289 RE as energy from “sources such as biomass, landfill methane, solar, wind and hydro.” Subsequently, the Commission established Informal Docket No.' U-4485 to consider Rate Rider RE.
On April 22, 2003, Southern Alliance for Clean Energy, Inc. (“SACE”), filed a petition to intervene in Informal Docket No. U-4485, asserting that SACE had members who are Alabama Power customers and who would be among the most likely of Alabama Power’s customers to pay the additional amount to be used to purchase energy through Rate Rider RE. Alabama Power filed an objection to SACE’s petition. The legal division of the Commission prepared a memorandum dated May 2, 2003, addressed to the commissioners and directors of the Commission recommending that the commissioners approve Rate Rider RE and deny SACE’s petition to intervene on the ground that, among other things, SACE lacked standing to intervene.
On May 5, 2003, the attorney- general filed a petition to intervene; the attorney general’s petition did not raise any issues regarding the merits of Rate Rider RE. Instead, the attorney general requested that the Commission “issue a procedural schedule for interested persons and entities to participate in the decision of when an entity is ‘affected’ by a Public Service Commission order,” out of a concern that the Commission’s decision regarding the issue of standing would have some prece-dential importance. (Emphasis in original.)
On May 6,' 2003, the Commission met and unanimously voted to accept the recommendation of’its legal division to approve the proposed Rate Rider RE and to deny SACE’s petition to intervene. That same day, Alabama Environmental Council, Inc. (“AEC”), filed a petition to intervene. On May 12, 2003, the Commission entered an order (1) approving Rate Rider RE, (2) denying SACE’s petition to intervene, (3) denying AEC’s petition to intervene on the basis that the petition was untimely, and (4) granting the attorney general’s petition to intervene, stating that the Commission would establish a “separate proceeding addressing the Commission’s interpretation and implementation of [Ala.Code 1975, § 37-1-87],’’.which allows intervention only by entities “affected” by a proceeding before the Commission. In its order, the Commission ruled, with regard to SACE’s and AEC’s petitions to intervene: (1) that SACE did not demonstrate that it or its members would be “affected” — as that term is used in Ala. Code 1975, § 37-1-87 — by the Commission’s order concerning Rate Rider RÉ, and (2) that AEC’s petition to intervene was untimely. SACE and AEC appeal the denial of their petitions to intervene.

II. Jurisdiction to Hear This Appeal

The Commission and Alabama Power (collectively “the appellees”) argue that this Court does not have jurisdiction to hear this appeal and that this appeal should be dismissed. They contend that the appeal cannot be properly brought under Ala.Code 1975, § 37-1-140,[2] because, *290 they argue, the order appealed from is not one involving rates. They also argue that this appeal should be dismissed because SACE and AEC are neither “parties” nor “intervenors” under § 37-1-141 and thus lack standing to appeal. Because we agree with the appellees with regard to their latter contention, we do not address the appellees’ argument regarding § 37-1-140.
Ala.Code 1975, § 37-1-141, governs who may directly appeal an order of the Commission to this Court. That section provides, in pertinent part:
“Either party or any intervenor may appeal to the supréme court from the action or order of the commission under the same rules and regulations and in the same manner and under the same conditions as are or may be provided by law for appeals from circuit courts in other public utility cases.”
The appellees contend that SACE and AEC are not parties or intervenors as those terms are used in § 37-1-141 and, therefore, that neither SACE nor AEC has the right to bring this appeal.
While it is clear that SACE and AEC were not original parties to the proceeding known as Informal Docket No. U-4485, they argue that they are nonetheless “parties” under § 37-1-141, 1) because we have held that orders denying intervention are appealable,[3] and 2) because we have held that “[o]ne must have been a party to the judgment below in order to have standing to appeal any issue arising out of that judgment.” Mars Hill Baptist Church of Anniston Alabama, Inc. v. Mars Hill Missionary Baptist Church, 761 So.2d 975, 980 (Ala.1999). The conclusion SACE and AEC draw from these two premises is that an entity denied the right to intervene must' therefore implicitly be a “party” to the proceeding to which it was not permitted to intervene.
Additionally, the attorney general contends that SACE and AEC are “interve-nors” under § 37-1-141 because they attempted to intervene. The attorney general argues that the term “interve-nor”' in § 37-1-141 cannot be limited to those who successfully intervene in an action before the Commission, because those who are granted the right to intervene become “parties” to the action. See Duncan v. First Nat’l Bank of Jasper, 573 So.2d 270, 274 (Ala.l990)(“Inter-vention, under Rule 24, Ala. R. Civ. P., *291 is a method by which an outsider with an interest in a lawsuit may come in as a party on his own application.” (Emphasis added.))
We hold that SACE and AEC are neither “parties” nor “intervenors” under § 37-1-141. Section 37-1-141 makes it clear that the term “party” is used not only in its traditional sense (meaning an entity actually involved in and bound by the action),- but also refers to one of the two original parties to the' action — the Commission and the regulated entity— through the use of the phrase “[e]ither party.” See Ala.Code 1975, § 37-1-141 (“Either party ... may appeal to the supreme court from the action or order of the commission.... ”).[4]
Furthermore, we hold that SACE and AEC are not “intervenors” under § 37 — 1— 141 merely because they attempted to intervene; rather, the term “intervenor” means what it most naturally means: one who has successfully intervened in an action.[5] Contrary to the assertions of the attorney general, our interpretation of “in-tervenor” (as that term is used in § 37-1-141) does not make that term, as used in the phrase “[ejither party or any interve-nor may appeal,” superfluous, because it seems clear from the use of the terms “either” and “any” that the Legislature was intending to ensure that there was no dispute that all parties to the action, whether they were the original parties or whether they later became parties through intervention, have the right of direct appeal.
Our conclusion is bolstered by the fact that Ala.Code 1975, § 37-1-121, specifically provides a right of appeal from any final order of the Commission to “[a]ny interve-nor or interested party.” Therefore, the Legislature knew how to distinguish between an original “party,” an “intervenor,” and a mere “interested party.” While mere “interested parties” like SACE and AEC have no right of direct appeal of an order of the Commission to this Court, they do have a right of appeal to the Montgomery Circuit Court. See Ala.Code 1975, § 37-1-120 and § 37-1-121.

III. Conclusion

Because there is no statutory authority for this appeal, it is dismissed.
APPEAL DISMISSED.
. SEE, BROWN, WOODALL, and STUART, JJ., concur.
HARWOOD, J., concurs specially.
LYONS, J., concurs in the result.
JOHNSTONE, J., dissents.

. Section 37-1-81(a) provides:
"(a) Whenever a utility desires to put in operation a new rate or service regulation or to change any existing rate or service regulation, it shall file with the commission a new schedule embodying the same, not less than 30 days prior to the time it desires to make the same effective; but the commission may, upon application of the utility, prescribe a less time within which the same may be made effective. In the absence of suspension or disapproval by the commission, as herein provided, the new rate or service regulation embodied in any such new schedule shall become effective at the time specified in such schedule, subject however to the power of the commission at any time .thereafter to take any action respecting the same authorized by this title.”

. While ordinarily an appeal from a decision of the Commission is to be brought first in the Montgomery Circuit Court pursuant to Ala. Code 1975, § 37-1-120 et seq., § 37-1-140 provides for a limited right of direct appeal to this Court:
"In all cases involving controversies respecting rates and charges of telephone companies or public utilities, air appeal from any action or order of the Alabama Public Service Commission in the exercise of the jurisdiction, power and authority conferred upon it by this title, as amended and supplemented, shall lie directly to the Supreme Court of Alabama. All such appeals shall be given a preferred setting in the supreme *290 court and shall be heard and determined by said court en banc. Nothing in this subdivision 2 shall be deemed to apply to any such cases other than those in which rates and charges are involved. All such appeals shall be taken within 30 days from the date of such action or order of the Alabama Public Service Commission and shall be granted as a matter of right and be deemed'perfected by filing with the Public Service Commission a bond for the security of the cost of said appeal when the appellant is a utility or person, and by filing notice of an appeal when -the appellant is the State of Alabama.”
(Emphasis added.)
In Alabama Power Co. v. Alabama Public Service Commission, 422 So.2d 767, 769 (Ala. 1982), we stated:
"Appellate review of commission rate orders is predicated on Code 1975 (1982 Supplement), § 37-1-140, et seq. The 1978 statute now codified in these sections supersedes the older code sections, Code 1975, § 37-1-120, et seq., which provided the Circuit Court of Montgomery County as an intermediate court of appeals.”
For clarity’s sake, we note that the implication in this statement — that the 1978 statute completely "supersedes the older code sections” — is not accurate; Ala.Code 1975, § 37-1-140, specifically states that "[n]othing in ... subdivision 2 [§§ 37-1-140 through 37-1-144] shall be deemed to apply to any such cases other than those in which rates and charges are involved.”

. See, e.g., Mutual Assurance, Inc. v. Chancey, 781 So.2d 172, 174 (Ala.2000).

. The term "either” is defined as "[a]ny one of two; one or the other.” American Heritage Dictionary of the English Language 572 (4th ed.2000).

. We note that in Mars Hill — a case relied upon by SACE and AEC — we did not use the term "intervenor" to describe one whose motion to intervene had been denied; rather, we used the term "nonparty” to describe such an entity. 761 So.2d at 980 ("When a court denies a nonparty's motion to intervene in an action, that noriparty cannot appeal from the final judgment in .the action because it never became a party to that action.” (citing Duncan v. First Nat'l Bank of Jasper, 573 So.2d 270, 273 (Ala. 1990))).